1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  JULIET B. HALEY
   Deputy Attorney General
5  MICHELE J. SWANSON, State Bar No. 191193
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5703
    Fax:  (415) 703-1234
8   Email:  Michele.Swanson@doj.ca.gov
   Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **MICHAEL J. WOODCOCK,**<br><br>Petitioner,<br><br>v.<br><br>**BEN CURRY, Warden,**<br><br>Respondent. | C 07-3043 WHA (PR)<br><br>**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY** |

20    Respondent hereby moves to dismiss the petition for writ of habeas corpus as untimely

21 under 28 U.S.C. § 2244(d).

22    A motion to dismiss in lieu of an answer on the merits is proper where the petition is

23 procedurally defective. *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski v.*

24 *Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4, and

25 Advisory Committee Notes; see also *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.

26 1980) (motion to dismiss proper if time bar is clear from face of complaint).

27    We have not noticed a hearing date because petitioner is an incarcerated state prisoner

28 who is representing himself in this case.

## STATEMENT OF THE CASE

A jury found petitioner guilty of assault by means of force likely to produce great bodily injury, and found true the allegation that petitioner personally inflicted great bodily injury. Petition at 2-3. On February 4, 1999, the trial court sentenced petitioner to 28 years to life in state prison. Petition at 2.

Petitioner initially appealed from his conviction, but later withdrew his appeal. Exh. 1.

In 2005, petitioner filed a series of habeas corpus petitions in the state superior court, court of appeal, and supreme court. Exhs. 2-4. Petitioner argued that the then-recently published decision in *People v. Lewis*, 120 Cal.App.4th 837 (2004), which held that "willfulness" was an element of Penal Code section 1203(e)(3) but not Penal Code section 12022.7, applied to his case. *See* Exhs. 2, 4. More specifically, petitioner argued that the trial court's instruction to the jury in his case—that the elements of section 1203(e)(3) were the same as those of section 12022.7— was erroneous. *See* Exhs. 2, 4. The state petitions were denied. Exhs. 3, 5-6.

Petitioner filed the instant federal habeas corpus petition on June 12, 2007.

## ARGUMENT

## THE PETITION IS UNTIMELY

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), state prisoners have only one year to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The date on which the one-year period begins to run is the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The relevant subdivision for calculating the one-year statute of limitations in this case is section 2244(d)(1)(A). We therefore look to the date on which petitioner's state judgment became final to calculate the beginning date of the statute of limitations. Because petitioner did not pursue direct review of his judgment, choosing instead to withdraw his appeal, his judgment did not become final "by the conclusion of direct review." Rather, his judgment became final upon "the expiration of the time for seeking such review," which was 60 days after the imposition of sentence. Cal. Rules of Court, rule 8.308(a). Petitioner was sentenced on February 4, 1999. Accordingly, his judgment became final on April 4, 1999. Petitioner therefore had one year, to April 4, 2000, to file a timely federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner, however, did not file the instant habeas petition until June 12, 2007, over seven years after the expiration of the AEDPA filing deadline. His petition is therefore untimely under section 2244(d)(1)(A).

To forestall any argument by petitioner that the statute of limitations should run from the date *People v. Lewis* was decided, we note that the Ninth Circuit has previously rejected an identical argument in a case factually similar to this one. In *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005), a California state prisoner filed a federal habeas petition years after the one-year AEDPA filing deadline expired under section 2244(d)(1)(A). The petitioner argued that a newly-decided California Supreme Court case rendered one of the instructions given at his trial erroneous, and that such decision "constituted either, under [section 2244(d)(1)(B)], the removal of an 'impediment to filing an application created by State action,' or, under [section 2244(d)(1)(D)], the factual predicate of his claim."[1] *Id.* at 1087. The Ninth Circuit rejected both of these arguments. As to the state-impediment claim, the court noted that there was "no support for the proposition that a state's determination of its own substantive law in a way that leaves a convict with no meritorious federal claim can constitute an 'impediment' under § 2244(d)(1)(B), and so far as we can tell, none exists." *Id.* As to the factual-predicate claim, the court noted that "[i]f a change in (or clarification of) state

---

1. As in *Shannon v. Newland*, section 2244(d)(1)(C) does not apply in this case because petitioner seeks relief under a California Court of Appeal decision rather than a United States Supreme Court decision.

Mot. to Dismiss Pet. for Writ of Hab. Corpus as Untimely         Woodcock v. Curry, Warden
                                                                  C 07-3043 WHA (PR)

1  law, by a state court, in a case in which [the petitioner] was not a party, could qualify as a 'factual
2  predicate,' then the term 'factual' would be meaningless." *Id.* at 1088. Thus, under the authority
3  of *Shannon v. Newland*, petitioner is not entitled to calculate the AEDPA's one-year statute of
4  limitations from the date *People v. Lewis* was decided.

5  Nor is petitioner entitled to equitable tolling for the time between his judgment and the
6  date *People v. Lewis* was decided. In *Shannon v. Newland*, the Ninth Circuit found that the
7  petitioner's argument for equitable tolling "call[ed] for an unprecedented extension of equitable
8  tolling." *Shannon v. Newland*, 410 F.3d at 1090. The court noted that "this argument would open
9  the door for any state prisoner to file a habeas petition anytime a state court issues a clarification of
10 state law. Such an interpretation cannot be squared with the goals of finality that are central to
11 AEDPA." *Id.* Accordingly, the court declined to extend equitable tolling to the petitioner. *Id.* The
12 same result is mandated in this case.

13 In sum, the petition in this case is untimely under section 2244(d)(1), and petitioner is not
14 entitled to equitable tolling. The petition should therefore be dismissed with prejudice.

15 ///
16 ///
17 ///
18 ///

## CONCLUSION

Accordingly, respondent respectfully requests that the petition for writ of habeas corpus be dismissed with prejudice.

Dated: November 1, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

JULIET B. HALEY
Deputy Attorney General


/s/ Michele J. Swanson
MICHELE J. SWANSON
Deputy Attorney General
Attorneys for Respondent

20111389.wpd
SF2007401656