# EXHIBIT 1

# CALIFORNIA APPELLATE COURTS

## Case Information



**Welcome**

**Search**

**E-mail**

**Calendar**

**Help**

**Opinions**

C|C
home

### 6th Appellate District

Court data last updated: 11/01/2007 10:05 AM

Change court 🔽

**Case Summary**    **Docket**    **Scheduled Actions**    **Briefs**
**Disposition**    **Parties and Attorneys**    **Trial Court**

## Case Summary    << search results

| | |
|---|---|
| **Trial Court Case:** | 202097 |
| **Court of Appeal Case:** | H019683 |
| **Division:** | |
| **Case Caption:** | The People v. Woodcock |
| **Case Type:** | |
| **Filing Date:** | 02/05/1999 |
| **Oral Argument Date/Time:** | |

## Cross Referenced Cases

H029069 Woodcock on Habeas Corpus

H030450 Woodcock v. Superior Court (People)

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# CALIFORNIA APPELLATE COURTS
## Case Information

| | |
|---|---|
| **6th Appellate District** | Change court ▾ |

Court data last updated: 11/01/2007 10:05 AM

**Case Summary**   **Docket**   **Scheduled Actions**   **Briefs**
**Disposition**   **Parties and Attorneys**   **Trial Court**

Welcome
Search
E-mail
Calendar
Help
Opinions
C|C
home

## Docket (Register of Actions)

**The People v. Woodcock**
**Case Number H019683**

| Date | Description | Notes |
|---|---|---|
| 02/18/1999 | Notice of appeal lodged/received (criminal). | |
| 02/18/1999 | Counsel appointment order filed. | |
| 02/26/1999 | Note: | Left a message on Joanne's voice mail to call me back asap re status of ctrrs' rex's, etc. |
| 03/02/1999 | Telephone conversation with: | Ctrrs Pastorino & Boughton; Rex's to file txs are forthwcoming |
| 03/02/1999 | Note: | I faxed a status rqst re rptr's tx to Ctrr Holly Brooks this day; Her fax & telephone no. is (408) 370-2384 |
| 03/02/1999 | Recommendation of counsel by SDAP filed. | Paul Carroll, Esq., is assctd as cnsl for applt |
| 03/02/1999 | Court reporter extension granted. | Reporter: Boughton, Sonia (008153). Deadline extended to: 03/29/99. |
| 03/03/1999 | Received fax informational copy of: | Ctrr Brooks' rex to file tx (Hard copy to follow) |
| 03/03/1999 | Court reporter extension granted. | Reporter: Brooks, H. (091066). Deadline extended to: 03/29/99. |
| 03/03/1999 | Court reporter extension granted. | Reporter: Pastorino, Beverly (007312). Deadline extended to: 04/19/99. |
| 03/30/1999 | Telephone conversation with: | Joseph at appeals; Ctrr Brooks has turned in her tx |
| 03/31/1999 | Note: | Left 2 voice mail messages on Ctrr Boughton's voice mail re status of record preparation |
| 04/01/1999 | Telephone conversation with: | Joseph at appeals; Ctrr Boughton's tx is in |
| 04/21/1999 | Notice of completion of transcripts received/filed. | Re record on appeal |
| | | C-1; R-7 |

| | | |
|---|---|---|
| 04/21/1999 | Record on appeal filed. | |
| 04/21/1999 | Probation report filed. | |
| 05/27/1999 | 35e letter received from: | Atty Carroll dtd 5/25/99 rqstng rptr's tx of proc of 9/24/98 where trl crt gave prlmnry jury instrctns bfre opening statements of the prosecution & the defense (See ltr) |
| 06/03/1999 | Notice to reporter to prepare transcript. | ctrr B. Pastorino dtd 6/1/99 |
| 06/30/1999 | Telephone conversation with: | Manuel at appeals; Ctrr Pastorino has not turned in augmtd tx |
| 06/30/1999 | Telephone conversation with: | Ctrr Pastorino; She has suffered a work related injury; She will file a rex to file augmtd tx asap |
| 07/08/1999 | Note: | Ctrr Pastorino's rex to file augmtd tx was mailed on 7/7/99 per Joanne |
| 07/09/1999 | Court reporter extension requested. | By Ctrr Pastorino to 7/29/99 to file augmtd tx (1st)(Tct for order) |
| 07/15/1999 | Court reporter extension granted. | Ctrr Pastorino's rex to 7/29/99 to file augmtd rptr's tx is grtd (1st) |
| 07/27/1999 | Court reporter extension requested. | By Ctrr Pastorino to 8/27/99 to file rule 35(e) augmtd rcrd (2nd rex- Tct for order) |
| 07/27/1999 | Court reporter extension granted. | Ctrr Pastorino grtd until 8/27/99 to file augmtd rptr's tx |
| 08/30/1999 | Telephone conversation with: | Ctrr Pastorino; She is still very ill but she has a transcriber doing her work; She should have the augmtd rcrd in this case filed by Friday, 9/3/99; Will Call |
| 09/10/1999 | Notice of completion of transcripts received/filed. | Re augmented record on appeal |
| 09/10/1999 | Filed augmented record pursuant to rule 35(e). | R-1 (Rptr's tx of proc of 9/24/98 where trl crt gave prlmnry jury instrctns bfre the opening statements of the prosecution & the defense) |
| 10/08/1999 | Granted - extension of time. | (1) Attorney: Carroll, Paul Party: Woodcock, Michael |
| 11/10/1999 | Returned document for non-conformance. | Copy of Atty Carroll's ltr dtd 5/25/99 pur to rule 35(e); Ltr was rtrnd bcuz the 35e rqst has been complied with & augmtd rcrd has been rcvd & fld in this crt on 9/10/99 (see evnt #380) |
| 11/12/1999 | 35e letter received from: | Atty Carroll rqstng rptr's tx of part of P&S hrg held on 1/8/99 & cpy of prlmnry instructions in notebooks gvn to to each juror, etc. (see ltr) |

| | | |
|---|---|---|
| 11/19/1999 | Notice to reporter to prepare transcript. | Ctrr Pastorino ntfd on 11/17/99 to prpre augmtd rptr's tx of 1/8/99 |
| 12/21/1999 | Note: | I left message on Ctrr Pastorino's voice mail to call me back & advise re status of prprtn of augmtd rptr's tx |
| 12/21/1999 | Telephone conversation with: | Sue at appeals; The clk's office has prprd a crtftce that items rqstd by applt cannot be located; The crtfcte will be sent along w/the rptr's tx when rptr's tx is rcvd frm ctrr Pastorino |
| 12/22/1999 | Telephone conversation with: | Ctrr Pastorino; She'll turn in augmtd rptr's tx on 12/23/99 |
| 12/27/1999 | Telephone conversation with: | Joyce at appeals; Ctrr Pastorino turned in augmtd rptr's tx today |
| 12/28/1999 | Notice of completion of transcripts received/filed. | Re augmtd rcrd on appeal |
| 12/28/1999 | Filed augmented record pursuant to rule 35(e). | R-1 (rptr's tx of part of P&S hrg held on 1/8/99) |
| 12/28/1999 | Certificate of county clerk filed. | By Dep Co Clk Sue Tam indctng that after diligent search of crt fle she is unable to locate item #2 of applt's rqst (Prlmnry instrctns) |
| 01/21/2000 | Request for dismissal filed. | By appellant (Tct for order) |
| 01/21/2000 | Dismissal order filed. | Pur to request of appellant, the appeal fld on 2/5/99 is dsmssd; Rmttr shall issue forthwith (CCC) |
| 01/21/2000 | Remittitur issued. | |
| 01/21/2000 | Case complete. | |
| 01/21/2000 | Record purged - to be shipped to state records center. | |
| 10/19/2004 | Shipped to state retention center, box # / list #: | 83/79 |

**Click here to request automatic e-mail notifications about this case.**

©2007 Judicial Council of California

# EXHIBIT 2

ORIGINAL

MC-275

Name  Michael J. Woodcock
      Folsom State Prison B1-D2-24
Address  P.O. Box 950
      Folsom, California, 95763

CDC or ID Number  H-27629

**FILED**

APR 1 2 2005

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
BY _____ DEPUTY
S. CHUA

The Superior Court of California
Santa Clara County.
_____
(Court)

| Michael Jerome Woodcock | **PETITION FOR WRIT OF HABEAS CORPUS** |
|---|---|
| Petitioner | |
| vs. | No.  202 097 |
| M. Shepherd, Warden (Acting) | *(To be supplied by the Clerk of the Court)* |
| Respondent | |

## INSTRUCTIONS - READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]
Optional Form
**PETITION FOR WRIT OF HABEAS CORPUS**
Legal
Solutions
Plus
Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

**This petition concerns:**

☒ A conviction                              ☐ Parole

☐ A sentence                               ☐ Credits

☐ Jail or prison conditions               ☐ Prison discipline

☐ Other *(specify)*: _____

1. Your name: Michael Jerome Woodcock

2. Where are you incarcerated? Folsom State Prison (FSP)

3. Why are you in custody? ☒ Criminal Conviction   ☐ Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reasons for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   Assault by means of force likely to produce great bodily injury. And enhancement for inflicting great bodily injury (GBI).

   b. Penal or other code sections: 245(A)(1), 12022.7(A) And 1203.(e)(3).

   c. Name and location of sentencing or committing court: The Superior Court of California County of Santa Clara. 191 North First Street, San Jose, CA. 95113.

   d. Case number: 202097

   e. Date convicted or committed: September 30, 1998

   f. Date sentenced: February 4, 1999

   g. Length of sentence: 28 years to life

   h. When do you expect to be released? year 2025

   i. Were you represented by counsel in the trial court? ☒ Yes. ☐ No.   If yes, state the attorney's name and address:

   Denise M. Lee, Alternate defender office, 4 North 2nd. Street Suite 1270. San Jose, CA. 95113.

4. What was the LAST plea you entered? *(check one)*

   ☒ Not guilty   ☐ Guilty   ☐ Nolo Contendere   ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☒ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

---

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

The Trial court instructed the jury on a misinterpretation of the law.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

(See Attached Writ of Habeas Corpus).

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

(See Attached Writ of Habeas Corpus).

7. **Ground 2 or Ground** _____ *(if applicable):*

_____

_____

_____

_____

  a.  Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

  b.  Supporting cases, rules, or other authority:

_____

_____

_____

_____

_____

8.  Did you appeal from the conviction, sentence, or commitment?  ☒ Yes.  ☐ No.  If yes, give the following information:

   a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

   _The Court of Appeal, State of California, Sixth Appellate District._

   b.  Result: _Abandoned_    c.  Date of decision: _January 21, 00_

   d.  Case number or citation of opinion, if known: _Case no. H019683_

   e.  Issues raised:  (1) _none_

      (2) _____

      (3) _____

   f.  Were you represented by counsel on appeal?  ☒ Yes.  ☐ No.  If yes, state the attorney's name and address, if known:

   _Paul V. Carroil, 5 Manor Place, Menlo Park, CA. 94025_

9.  Did you seek review in the California Supreme Court?  ☐ Yes.  ☒ No.  If yes, give the following information:

   a.  Result: _____    b.  Date of decision: _____

   c.  Case number or citation of opinion, if known:  _____

   d.  Issues raised:  (1) _____

      (2) _____

      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal: _This claim is based on a recent judicial decision in People v. Lewis (2004) where a clarification of the law revealed the fact that petitioner was convicted under a misinterpreted penal statute. This new reinterpretation of the law was not available at the time of appeal._

11. **Administrative Review:**

   a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious.  (See *In re Muszalski* (1975) 52 Cal. App.3d 500 [125 Cal. Rptr. 286].)  Explain what administrative review you sought or explain why you did not seek such review:

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   b.  Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.
      *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court?  ☐ Yes. If yes, continue with number 13.  ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

   (2) Nature of proceeding (for example, "habeas corpus petition"): _____

   (3) Issues raised:  (a) _____

       (b) _____

   (4) Result (Attach order or explain why unavailable): _____

   (5) Date of decision: _____

  b. (1) Name of court: _____

   (2) Nature of proceeding: _____

   (3) Issues raised:  (a) _____

       (b) _____

   (4) Result (Attach order or explain why unavailable): _____

   (5) Date of decision: _____

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) This claim is based on the recent judicial decision in People v. Lewis (2004) 120 Cal. App. 4th 837 where the clarification of law revealed the fact that Petitioner was convicted under a misinterpreted penal statute. The clarification in the law was not available during Petitioner's time on appeal.

16. Are you presently represented by counsel?  ☐ Yes.  ☐ No.  If yes, state the attorney's name and address, if known:

_____

_____

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes.  ☒ No.  If yes, explain:

_____

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: April 3, 05                   ▶ Michael Woodcock
                                           (SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 1999]       **PETITION FOR WRIT OF HABEAS CORPUS**       Page six of six

1   Michael J. Woodcock
2   Folsom State Prison
    P.O. Box 950
3   Folsom, California 95763
    CDC No.# H-27629
4
5   In Pro Per:
6

**FILED**

APR 1 2 2005

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY
                    S. CHUA

7

8       In The Superior Court of California
9           For Santa Clara County

10

11  In Re                    )    Case No.# 202097
                             )
12      Michael J. Woodcock, )    Petition For Writ of Habeas Corpus
                             )    And Memorandum of Points And
13  On Habeas Corpus.        )    Authorities In Support Thereof.
                             )
14  _____ )

15

16                          1.

17              Introduction

18      1. The question presented is whether Petitioner's Sixth
19  Amendment Rights were violated when the trial court's
20  misinterpretational instruction to the jury affected its ability to
21  find beyond a reasonable doubt, essential elements of an allegation.
22  The trial court instructed the jury that its question under Penal
23  Code Sections 1203(e)(3) and 12022.7, were legally synonymous.
24  Prior to the recent decision in People v. Lewis (2004) 120 Cal. App.
25  4th 837, most judges, prosecutors, and attorneys, assumed this
26  was true. However, Lewis has concluded they are not legally
27  synonymous. This clarification of the law has shed errors of
28  constitutional dimensions upon Petitioner's conviction that could

                          1.

1  not have been discovered through due diligence when his conviction was
2  open to challenge.

3  ## II.
4  ### Parties.

5     2. Petitioner, Michael J. Woodcock, is a prisoner of the State
6  of California and currently confined in Folsom State prison.

7     3. Respondent, M. Shepherd, is the Warden (acting) of
8  Folsom State prison and as such has legal custody of Petitioner.

9     4. Respondent, Jeanne Woodford, is the Director of the
10  California Department of Corrections. She is legally responsible
11  For the lawful operations of all the prisons in the State, including
12  that of Folsom State prison.

13  ## III.
14  ### Statement of Facts

15     5. On September 18, 1997, Petitioner had a dispute with Rory
16  Hazel over illegal use of utilities power at a trailer park
17  where Petitioner previously resided. After moving to a new apart-
18  ment, Petitioner continued to receive PG & E bills in connection with
19  the old residence.

20     6. When Petitioner returned to the trailer park, he noticed
21  alot of what appeared to be homeless people had moved into the
22  park [1/] When he arrived he also noticed that the company he

23  
24  _1./_ The reason Petitioner and many of the other residence of the park
25  had moved out is because the City had decided to demolish it and
26  build Low-income housing. Everyone was ordered to move out. By the
27  time Petitioner returned to see why he was still being billed, the City
28  had not yet completed the process. There was still empty trailers and
   debris everywhere.

1  had rented the propane tanks from had not yet picked them up. The tanks
2  had been jerry-rigged with cables running into Petitioner's old trailer.
3       7. While Petitioner was inspecting the cables, MR. HAZEL came out
4  of the trailer and asked him what he was doing. Petitioner explained
5  that he use to live there and came over to see why he was still being
6  charged for power consumption. MR. HAZEL then told him, he was now
7  living there with his family. When Petitioner informed him that the
8  propane company would be out to retrieve the tanks, MR. HAZEL got
9  upset and an argument ensued. When MR. HAZEL began using profanity
10  and started pointing his finger in close proximity to Petitioner's
11  face, Petitioner slapped MR. HAZEL's hand and the two began
12  fighting. The altercation ended when MR. HAZEL was knocked to the
13  ground. Petitioner then left and went back to his new apartment.
14       8. Approximately 20 minutes later, Sunnyvale investigators
15  confronted Petitioner at his apartment. When questioned about the
16  incident, he denied any knowledge of it. The officers then informed
17  him they were aware of his parole status and that the District
18  Attorney had up to one year to file a misdemeanor complaint against
19  him. The officers did not arrest him, but told him to just stay
20  away from MR. HAZEL.
21       9. On November 7, 1997, nearly two months later, Petitioner
22  was arrested and charged with assault in violation of Penal Code
23  section 245(a)(1). The Information also charged him with
24  violating Penal Code sections 12022.7(a) and 1203(e)(3). (See.
25  Exhibit A.) Initially, MR. HAZEL could not be located for
26  trial. However, he was eventually found in a Kern County
27  jail on drug charges and subpoenaed to testify.
28

10. On September 29, 1998, the case was given to the jury. (See Jury Instruction, attached as Exhibit B.) On that same day, the court received a note from the jury requesting a copy of Penal Code Section 1203(e)(3). (Exhibit C) Instead of providing the copy, the court responded: "The question under 1203(e)(3) is the same as it is under 12022.7 of the Penal Code. In other words, they are legally synonymous." (See again, Exhibit C.)

11. On September 30, 1998, the jury found Petitioner guilty of assault by means of force likely to produce great bodily injury as charged in the Information. The jury also found him guilty of inflicting great bodily injury within the meaning of Penal Code Sections 12022.7(a) and 1203(e)(3). On February 4, 1999, the court sentenced Petitioner to a prison term of 28 years to Life under California's Three Strikes Law. (Exhibits D.)

## IV.

## Contentions

### A.

The Trial Court's Misinterpretation of The Meaning of Penal Code Section 1203(e)(3) Violated Petitioner's Sixth Amendment Right To Due Process of The Law

## V.

## Prayer For Relief

Petitioner is without remedy save for habeas corpus. Wherefore, Petitioner pray that the Court:

1. Issue a writ of habeas corpus;
2. Issue an Order To Show Cause;

4.

3. REVERSE the trial court's judgement

4. Appoint Legal counsel

5. Grant any and all FURTHER RELIEF the Court may deem just and PROPER.

Dated: April 3, 05              Respectfully submitted

                                *Michael J. Woodcock*
                                Michael J. WOODCOCK

                                In PRO PER.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## Memorandum of Points And Authorities

### Argument

#### A.

#### The Trial Court's Misinterpretation of The Meaning of Penal Code Section 1203(e)(3) Violated Petitioner's Sixth Amendment Right To Due Process Of The Law

The instruction to the jury that Penal Code section 1203(e)(3), is synonymous with Penal Code section 12022.7, was a legal determination by the trial court. However, recent case law has concluded it was "legally incorrect", and requires reversal of Petitioner's conviction. (See People v. Lewis (2004) 120 Cal. App. 4th 837.)

In Lewis, the defendant was charged with assaulting a child with force likely to produce great bodily injury resulting in death within the meaning of Penal Code section 273(ab). After a second trial, the jury found him guilty. At sentencing the court concluded he was presumptively ineligible for probation under Penal Code section 1203(e)(3), and sentenced him to life. (Lewis at p. 837.)

Defendant appealed contending, among other things, the trial court misinterpreted Section 1203(e)(3), and erroneously concluded he was presumptively ineligible for probation, because he inflicted great bodily injury on his victim. The genesis of his claim was the jury was not charged with determining whether or not he actually "intended to inflict great bodily injury." He argued that Section 273(ab), only requires a finding of

1  assault by means of force that to a reasonable person would likely
2  produce great bodily injury. (Lewis at p. 851.) Accepting
3  defendant's contention, the Court of Appeal reversed in part. It
4  held that since the jury made no finding that he "intentionally
5  inflicted great bodily injury," and that the trial court did not state
6  on the record he did so, it was improper for the court to find
7  him presumptively ineligible for probation under Penal Code section
8  1203(e)(3). (Lewis, 120 Cal. App. 4th at p. 853.)

9    In support of its decision the Court of Appeal compared both
10 the history and language of Penal Code sections 12022.7 and 1203,
11 subdivisions (e)(3). The same statutes Petitioner was charged
12 with and is the subject of this appeal. The Court found that each
13 requires a different finding by the trier of fact. The Court
14 explained: "Section 12022.7 requires a person 'personally inflict great
15 bodily injury' on another in the commission or attempted commission of a
16 felony. Unlike section 1203, subdivision (e)(3), it does not require that
17 the infliction be willful. The section has been interpreted to require
18 only a general criminal intent, i.e., the defendant need not intend
19 great bodily injury result, the only intent required is that for the
20 underlying felony." (Lewis at p. 853.) The Court concluded
21 that the only reasonable reading of the word "willful" in Section
22 1203(e)(3), requires the defendant's "intent to cause great bodily
23 injury," not merely that the crime resulted in such injury (ibid.)

24    Unlike the situation in Lewis, Petitioner was charged in
25 the Information with violating 1203(e)(3). More significantly,
26 the jury was asked to determine whether he intended to inflict
27 great bodily injury. Thus, when the trial court instructed
28 the jury that whatever questions they had regarding the

"specific intent" allegation of 1203, should be Resolved based on its
findings with Respects to 12022.7, left the jury in the untenable
position to assume he was guilty of <u>intentionally</u> inflicting great
bodily injury on his victim.

This instruction was clearly prejudicial. It created
an instructional error under <u>Sandstrom v. Montana</u> (1979)
442 U.S. 510, in which the Supreme Court explained: "A state
is prohibited from relying on a presumption, Rather than
evidence to establish elements of an allegation. When a jury
is instructed to presume malice from predicate facts, it
still must find the existence of those facts beyond a reasonable
doubt." (See also, Mullaney v. Wilbur (1975) 421 U.S. 684.)
Assuming, arguendo, that Mr. Hazel suffered great bodily injury,
the predicate facts here would be that Petitioner "personally"
inflicted it. It does not follow that he "intentionally" meant
to. (Lewis at 853.)

The trial court's instructional error raises serious
questions whether the jury's verdict regarding Section 1203 (e)(3),
satisfied the constitutional standard of beyond a reasonable
doubt. The court's error should not be characterized as
harmless, because it affected the jury's ability to fully
digest what the allegation required them to find. The Due
Process Clause of the Federal Constitution guarantees an
accused the right to a jury determination that he is guilty
of every element of the crime with which he is charged.
(See United States v. Gaudin (1995) 515 U.S. 506, 509) (See also,
Sullivan v. Louisiana (1993) 508 U.S. 275, 278.) The trial
court had an obligation to properly instruct the jury in this

8.

1   case, especially when the jury indicated a need for clarification
2   of an allegation it endeavored to contemplate.

3   Accordingly, <u>Lewis</u> is applicable to the present case.
4   It clarified the law regarding Penal Code section 1203,
5   subdivisions (e)(3) and 12022.7 (a). Here, as in <u>Lewis</u>,
6   the trial court misinterpreted the Legislative distinction
7   between these two statutes and what a jury must
8   find beyond a reasonable doubt.

9   Therefore, because of the <u>Sandstrom</u> instructional
10  error by the trial court, the misinterpretation of the
11  law, and the fundamental unfairness of the process to
12  which he was subjected, Petitioner's conviction stands
13  on constitutionally infirm grounds and must be stricken.

14
15                  <u>Conclusion</u>
16      For the reasons stated above, Petitioner prays
17  that the Court will grant a writ of habeas corpus.

18
19  Dated: Apr. 13, 05            Respectfully submitted,
20
21                               Michael J. Woodcock
22                               Michael J. Woodcock
23                               In Pro Per.

24  //
25  //
26  //
27  //
28  //

Exhibit A

NO. _____

(The Information)

The Information in this case charges that the defendant, MICHAEL JEROME WOODCOCK

committed the following felonies, to wit:

COUNT ONE

That in the County of Santa Clara, State of California, on or about September 18, 1997, the

said defendant, MICHAEL JEROME WOODCOCK,., committed a felony, to wit:  a violation of

CALIFORNIA PENAL CODE SECTION 245(A)(1) (ASSAULT BY MEANS OF FORCE

LIKELY TO PRODUCE GBI) in that the said defendant did commit an assault upon the person of

RORY HAZEL,  by means of force likely to produce great bodily injury.


It is further alleged that in the commission and attempted commission of the foregoing

offense, the said defendant, MICHAEL JEROME WOODCOCK, , personally inflicted great bodily

injury upon a person not an accomplice, to wit:  RORY HAZEL, within the meaning of Sections

12022.7(a) and 1203(e)(3) of the Penal Code.

_____
Judge

**135**

Exhibit B

## PART IV – The Charges – Definitions and Elements

CALJIC 3.30
CONCURRENCE OF ACT AND GENERAL
CRIMINAL INTENT

3.30

In the crime and allegation charged in Count 1, and the crime of assault which is a lesser crime, there must exist a union or joint operation of act or conduct and general criminal intent. General intent does not require an intent to violate the law. When a person intentionally does that which the law declares to be a crime, he is acting with general criminal intent, even though he may not know that his act or conduct is unlawful.

CALJIC 9.00
ASSAULT – DEFINED
(Pen. Code, §240)

9.00

Every person who commits an assault upon another person is guilty of a violation of Penal Code section 240, a crime.

In order to prove an assault, each of the following elements must be proved:

1. A person willfully and unlawfully committed an act which by its nature would probably and directly result in the application of physical force on another person; and

2. At the time the act was committed, the person had the present ability to apply physical force to the person of another.

"Willfully" means that the person committing the act did so intentionally.

To constitute an assault, it is not necessary that any actual injury be inflicted. However, if an injury is inflicted it may be considered in connection with other evidence in determining whether an assault was committed and, if so, the nature of the assault.

*People v. Woodcock,* # 202097
Final Instructions
Page 11 of 17

**136**

CALJIC 9.02
ASSAULT WITH BY
MEANS OF FORCE LIKELY TO PRODUCE
GREAT BODILY INJURY
(Pen. Code, § 245, subd. (a)(1), (2))

9.02

Defendant is accused in Count 1 of having violated section 245, subdivision (a)(1) of the Penal Code, a crime.

Every person who commits an assault upon the person of another by means of force likely to produce great bodily injury is guilty of a violation of section 245, subdivision (a)(1) of the Penal Code, a crime.

Great bodily injury refers to significant or substantial bodily injury or damage; it does not refer to trivial or insignificant injury or moderate harm.

In order to prove this crime, each of the following elements must be proved:

1. A person was assaulted; and

2. The assault was committed by means of force likely to produce great bodily injury.

GREAT BODILY INJURY – FURTHER EXPLAINED

9.02A

Great bodily injury does not require that the victim suffer permanent, prolonged, or protracted disfigurement, impairment, or loss of bodily functions. Evidence of multiple abrasions and lacerations, swelling, and bruising may or may not constitute great bodily injury, depending on their severity and the facts of the case.

CALJIC 17.20
INFLICTION OF GREAT BODILY HARM
(Pen. Code, 12022.7(a))

17.20

It is alleged that in the commission or attempted commission of the crime therein described the defendant personally inflicted great bodily injury on a person not an accomplice to the crime.

*People v. Woodcock,* # 202097
Final Instructions
Page 12 of 17

137

If you find a defendant guilty of Assault with Force Likely to do Great Bodily Injury as charged in Count 1, you must determine whether that defendant personally inflicted great bodily injury on some person not an accomplice to the crime in the commission or attempted commission of the crime charged in Count 1.

"Great bodily injury," as used in this instruction, means a significant or substantial physical injury. Minor, trivial or moderate injuries do not constitute great bodily injury.

The People have the burden of proving the truth of this allegation. If you have a reasonable doubt that it is true, you must find it to be not true.

Include a special finding on that question in your verdict, using a form that will be supplied for that purpose.

CALJIC 9.08
ASSAULT WITH HANDS OR FISTS

9.08

An assault by means of force likely to produce great bodily injury may be committed with the hands or fists. Proof of such an assault need not show that the defendant actually injured the other person. However, there must be proof that the manner of the assault was likely to produce great bodily injury upon another person.

CALJIC 9.11
INSULTING WORDS – NOT JUSTIFICATION
FOR ASSAULT

9.11

No oral words of abuse, insult or reproach addressed to or said about a person, however insulting or objectionable the words may be, if unaccompanied by any threat or apparent threat of great bodily injury, or any assault upon the person will justify an assault by any means of force likely to produce great bodily injury. The provocation of words alone does not constitute a defense to a charge of having committed such an assault.

138 *d*

CALJIC 17.10
CONVICTION OF LESSER INCLUDED
OR LESSER RELATED OFFENSE -- IMPLIED
ACQUITTAL-FIRST

17.10

   If you are not satisfied beyond a reasonable doubt that the defendant is guilty of the crime charged, you may nevertheless convict him of any lesser crime, if you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime.

   The crime of Assault is lesser to that of Assault By Means of Force Likely to Do Great Bodily Injury charged in Count 1.

   Thus, you are to determine whether the defendant is guilty or not guilty of the crime charged or of any lesser crime. In doing so, you have discretion to choose the order in which you evaluate each crime and consider the evidence pertaining to it. You may find it productive to consider and reach a tentative conclusion on all charges and lesser crimes before reaching any final verdict. However, the court cannot accept a guilty verdict on a lesser crime unless you have unanimously found the defendant not guilty of the charged crime.


## Part V – Concluding Instructions


CALJIC 17.30
JURY NOT TO TAKE CUE FROM THE JUDGE

17.30

   I have not intended by anything I have said or done, or by any questions that I may have asked, or by any ruling I may have made, to intimate or suggest what you should find to be the facts, or that I believe or disbelieve any witness.

   If anything I have done or said has seemed to so indicate, you will disregard it and form your own conclusion.


*People v. Woodcock*, # 202097
Final Instructions
Page 14 of 17


**13**9

Exhibit C

Received by:                                                    Jury Note # 1
Date:
Time:

### IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
### IN AND FOR THE COUNTY OF SANTA CLARA

THE PEOPLE OF THE STATE OF CALIFORNIA
                                    Plaintiff,

         vs                                              No. 203097

         MICHAEL JEROME WOODCOCK

                                    Defendant,

We, the jury in the above-entitled cause, request the following:

Copy of Penal Code Section 1203(e)(3)

The question under 1203 (e) (3) is the same as it
is under 12082.7 of the Penal Code.
In other words, they are legally synonymous

                                              - J. Lee

Date: 9/29

#1

123A

9564

1    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
     IN AND FOR THE COUNTY OF SANTA CLARA
2

3    THE PEOPLE OF THE STATE        )
     OF CALIFORNIA,                 )
                                    )  Information No. 202097
4              Plaintiff,           )
     vs.                            )  VERDICT OF THE JURY
5                                   )
     MICHAEL JEROME WOODCOCK,       )
6                                   )
               Defendant.           )
7    _____    )

8
                            COUNT ONE
9
          WE, the Jury, in the above-entitled case, find the Defendant,
10
     MICHAEL JEROME WOODCOCK, ___*Guilty*___ of a Felony, to wit:
11                                (Guilty/Not Guilty)

12   (ASSAULT BY MEANS OF FORCE LIKELY TO PRODUCE GREAT BODILY INJURY), in

13   violation of Penal Code Section 245(A)(1), as charged in Count One of

14   the Information.

15        WE, the Jury, find the allegation that in the commission and

16   attempted commission of the foregoing offense, the said defendant,

17   MICHAEL JEROME WOODCOCK, personally inflicted great bodily injury upon

18   a person not an accomplice, to wit:  RORY HAZEL, within the meaning of

19   Sections 12022.7(a) and 1203(e)(3) of the Penal Code to be

20   ___*True*___.
        (True/Not True)
21
                        LESSER INCLUDED OFFENSE
22
          WE, the Jury, in the above-entitled case, find the Defendant,
23
     MICHAEL JEROME WOODCOCK, _____ of a Misdemeanor, to
24                                (Guilty/Not Guilty)

25   wit: (ASSAULT), in violation of Penal Code Section 240, as charged in

26   Count One of the Information.

27   DATED: September _30_, 1998              _*#1*_
                                          FOREPERSON
28

                *copy attached to M.O.*                **121**

CR-292

## ABSTRACT OF JUDGMENT—PRISON COMMITMENT—INDETERMINATE
### [NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED]

| [X] SUPERIOR | COURT OF CALIFORNIA, COUNTY OF: | SANTA CLARA |
| [ ] MUNICIPAL | BRANCH OR JUDICIAL DISTRICT: | HALL OF JUSTICE |

PEOPLE OF THE STATE OF CALIFORNIA vs    DOB: 1/13/66
DEFENDANT: MICHAEL JEROME WOODCOCK                202097                    -A

AKA:                                                                        -B

CII#:                                                                       -C

BOOKING #  97537026                    [ ] NOT PRESENT

COMMITMENT TO STATE PRISON              [ ] AMENDED
ABSTRACT OF JUDGMENT                        ABSTRACT                        -D

| DATE OF HEARING | DEPT. NO. | JUDGE |
| 02 04 99 | 90 | EDWARD F. LEE |
| CLERK | REPORTER | PROBATION NO. OR PROBATION OFFICER |
| C.JOHNSON | B.PASTORINO | J.HAMILTON |
| COUNSEL FOR PEOPLE | | COUNSEL FOR DEFENDANT | [X] APPT'D |
| J.LUFT | | D.LEE-ADO | |

1. Defendant was convicted of the commission of the following felonies:
   [X] Additional counts are listed on attachment
   ___1___ (number of pages attached)

| | | | | | | | CONVICTED BY | | | | | |
| CNT | CODE | SECTION NO | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO.DATE/YEAR) | JURY | COURT | PLEA | CONCURRENT | CONSECUTIVE | 654 STAY |
| 01 | PC | 245A(1) | ASSAULT BY MEANS OF FORCE LIKELY TO -PRODUCE GREAT BODILY INJURY | 97 | 09/30/98 | x | | | | | |
| | | | | | / / | | | | | | |
| | | | | | / / | | | | | | |
| | | | | | / / | | | | | | |
| | | | | | / / | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
| 01 | 12022.7A | 3y | | | | | | | 3 0 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
| PC667(b-i) | * | PC667(b-i) | * | PC667(b-i) | * | | | |
| PC667(a) | S | PC667(a) | S | | | | | |
| PC667.5(b) | S | PC667.5(b) | S | | | | | |

Defendant was sentenced to State Prison for an INDETERMINATE TERM:
4. [ ] For LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts _____
5. [ ] For LIFE WITH POSSIBILITY OF PAROLE on counts _____
6. [X] For __25__ years to life, WITH POSSIBILITY OF PAROLE on counts 1 _____
   PLUS enhancement time shown above.
7. [X] Additional determinate term (see CR-290).    3yrs
8. Defendant was sentenced pursuant to [X] PC 667(b)-(i) or PC 1170.12   [ ] PC 667.61   [ ] PC 667.7   [ ] PC 667.9
   [ ] other (specify):

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.
(Continued on reverse)

Form Adopted by the
Judicial Council of California    **ABSTRACT OF JUDGMENT—PRISON COMMITMENT—INDETERMINATE**    212    Penal Code, §§
CR-292 [Rev. January 1, 1999]    *[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED]*    1213, 1213.5

Exhibit A-1

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT:  MICHAEL JEROME WOODCOCK

| 202097 | -A | -B | -C | -D |
|---|---|---|---|---|

9.  FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
   a.  RESTITUTION FINE of: $ 5600.00  per PC 1202.4(b) forthwith per PC 2085.5.
   b.  RESTITUTION FINE of: $ 5600.00  per PC 1202.45 suspended unless parole is revoked.
   c.  RESTITUTION of: $ _____ per PC 1202.4(f) to ☐ victim(s)* ☐ Restitution Fund
       (*List victim name(s) if known and amount breakdown in item 11, below.)
       (1) ☐ Amount to be determined.
       (2) ☐ Interest rate of: _____% (not to exceed 10% per PC 1204.4(f)(3)(F)).
   d.  ☐ LAB FEE of: $ _____ for counts: _____ per H&SC 11372.5(a).
   e.  ☐ DRUG PROGRAM FEE of $150 per H&SC 11372.7(a).
   f.  ☐ FINE of: $ _____ per PC 1202.5.

10. TESTING
   a.  ☐ AIDS pursuant to  ☐ PC 1202.1  ☐ other (specify):
   b.  ☐ DNA pursuant to  ☐ PC 290.2  ☐ other (specify):

11. Other orders (specify):
       ADVISED 5yr PAROLE/APPEAL RIGHTS;$140.50 CRIMINAL JUSTICE ADMIN FEE
       -SANTA CLARA CO;HEARING MOTION RE: ROMERO-DENIED;
       TOTAL TERM CDC = 28yrs TO LIFE;

12. Execution of sentence imposed
   a.  ☒ at initial sentencing hearing.           d.  ☐ at resentencing per recall of commitment. (PC 1170(d)).
   b.  ☐ at resentencing per decision on appeal.   e.  ☐ other (specify):
   c.  ☐ after revocation of probation.

13. CREDIT FOR TIME SERVED

| CASE NUMBER | | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|---|---|---|---|---|---|
| 202097 | -A | 105 | 92 | 13 | ☐ 4019  ☒ 2933.1 |
| | -B | | | | ☐ 4019  ☐ 2933.1 |
| | -C | | | | ☐ 4019  ☐ 2933.1 |
| | -D | | | | ☐ 4019  ☐ 2933.1 |

| DATE SENTENCE PRONOUNCED: | SERVED TIME IN STATE INSTITUTION: |
|---|---|
| 02 04 99 | ☐ DMH  ☐ CDC  ☐ CRC |

14. The defendant is remanded to the custody of the sheriff  ☒ forthwith  ☐ after 48 hours excluding Saturdays, Sundays, and holidays.

   To be delivered to  ☒ the reception center designated by the director of the California Department of Corrections.
   ☐ other (specify):

## CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE | |
|---|---|---|
| R.JIMENEZ | FEBRUARY 10, '99 | 213 |

CR-292 [Rev. January 1, 1999]    ABSTRACT OF JUDGMENT—PRISON COMMITMENT—INDETERMINATE    Page two

# PROOF OF SERVICE BY MAIL



APR 1 2 2005

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
BY _____ DEPUTY
S. CHU

I, Michael J. Woodcock , DECLARE:

I AM OVER THE AGE OF 18, I (AM) (AM NOT) A PARTY TO THIS ACTION, AND A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA.

MY PRISON NUMBER: H-27629 , MY PRISON ADDRESS: P.O. BOX 950, FOLSOM, CALIFORNIA 95763.

ON April 3, , 2005, I SERVED A COPY OF THE FOLLOWING DOCUMENT:

### Petition For Writ of Habeas Corpus

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS IN A SEALED ENVELOPE WITH POSTAGE FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), REPRESA, CALIFORNIA, ADDRESSED AS FOLLOWS:

George Kennedy, District Attorney
County of Santa Clara
191 North First Street
San Jose, California 95113

THERE IS DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED April 3, , 2005, AT REPRESA, CALIFORNIA.

Michael Woodcock

# EXHIBIT 3

# CALIFORNIA APPELLATE COURTS
## Case Information

Welcome

Search

E-mail

Calendar

Help

Opinions

C|C
home

## 6th Appellate District

Change court ▼

Court data last updated: 10/23/2007 05:05 PM

**Case Summary**   **Docket**   **Scheduled Actions**   **Briefs**
**Disposition**   **Parties and Attorneys**   **Trial Court**

## Case Summary                    << search results

| | |
|---|---|
| **Trial Court Case:** | 202097 |
| **Court of Appeal Case:** | **H029069** |
| **Division:** | |
| **Case Caption:** | Woodcock on Habeas Corpus |
| **Case Type:** | |
| **Filing Date:** | 07/18/2005 |
| **Oral Argument Date/Time:** | |

## Cross Referenced Cases

H019683 The People v. Woodcock

H030450 Woodcock v. Superior Court (People)

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# CALIFORNIA APPELLATE COURTS
## Case Information

Welcome

Search

E-mail

Calendar

Help

Opinions

C|C
home

### 6th Appellate District

Change court ▾

Court data last updated: 10/23/2007 05:05 PM

**Case Summary    Docket    Scheduled Actions    Briefs
Disposition    Parties and Attorneys    Trial Court**

## Docket (Register of Actions)

**Woodcock on Habeas Corpus**
**Case Number H029069**

| Date | Description | Notes |
|------|-------------|-------|
| 07/18/2005 | Petition for a writ of habeas corpus filed. | |
| 07/28/2005 | Case fully briefed. | |
| 07/28/2005 | Order denying petition filed. | The petition for writ of habeas corpus is denied. (pbm, rjm, wcd) |
| 07/28/2005 | Case complete. | |
| 09/27/2005 | Record purged - to be shipped to state records center. | |

**Click here** to request automatic e-mail notifications about this case.

©2007 Judicial Council of California