# EXHIBIT 4

Name _Michael J. Woodcock_

Address _Correctional Training Facility_

_P.O. Box 689 D-112UP_

_Soledad, CA. 93960-0639_

CDC or ID Number _H-27629_

RECEIVED

SEP 1 4 2005

CLERK SUPREME COURT

ORIGINAL

# ORIGINAL

RECEIVED
SEP 9 - 2005
CLERK SUPREME COURT

_In The Supreme Court of The_
_State of California._
(Court)

| | |
|---|---|
| _Michael J. Woodcock_<br>Petitioner<br><br>vs.<br><br>_A. P. Kane (Warden)_<br>Respondent | **PETITION FOR WRIT OF HABEAS CORPUS**<br><br>## S137247<br><br>No. _____<br>(To be supplied by the Clerk of the Court) |

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen ~~copies.~~

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

**SUPREME COURT**
**FILED**

SEP 1 4 2005

Frederick K. Ohlrich Clerk
_____
**Deputy**

Approved by the Judicial Council of California for use under Rules 56.5 and 201(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

This petition concerns:

☒ A conviction          ☐ Parole

☐ A sentence            ☐ Credits

☐ Jail or prison conditions    ☐ Prison discipline

☐ Other (specify): _____

1. Your name: Michael J. Woodcock

2. Where are you incarcerated? Correctional Training Facility.

3. Why are you in custody?   ☒ Criminal Conviction   ☐ Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   Assault w/ Great bodily injury.

   b. Penal or other code sections: 245(A)(1), 12022.7(A), 1203.(e)(3).

   c. Name and location of sentencing or committing court: Superior Court of the County of Santa Clara, 191 north First Street, San Jose, CA. 95113.

   d. Case number: 202097

   e. Date convicted or committed: September 30, 1998.

   f. Date sentenced: February 4, 1999.

   g. Length of sentence: 28 years to life.

   h. When do you expect to be released? N/A.

   i. Were you represented by counsel in the trial court?   ☒ Yes.   ☐ No.   If yes, state the attorney's name and address:

   Denise M. Lee, Alternate Defender Office, 4 north 2nd. Street, Suite 1270, San Jose, CA. 95113.

4. What was the LAST plea you entered? *(check one)*

   ☒ Not guilty   ☐ Guilty   ☐ Nolo Contendere   ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☒ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

6. GROUNDS FOR RELIEF
   **Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

   See Attached Writ of Habeas Corpus.

   a. Supporting facts:
      Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

      See Attached Writ of Habeas Corpus.

   b. Supporting cases, rules, or other authority (optional):
      *(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

      See Attached Writ of Habeas Corpus.

7.  **Ground 2 or Ground** _____  (*if applicable*):

_____

_____

_____

_____

a.  Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b.  Supporting cases, rules, or other authority:

_____

_____

_____

_____

_____

MC-275 [Rev. January 1, 1999]          **PETITION FOR WRIT OF HABEAS CORPUS**          Page four of six

8. Did you appeal from the conviction, sentence, or commitment?  ☒ Yes.  ☐ No.   If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
The Court of Appeal, State of California, Sixth Appellate District.

b. Result: Abandoned.                    c. Date of decision: January 21, 00.

d. Case number or citation of opinion, if known: HD19683.

e. Issues raised: (1) None.

(2) _____

(3) _____

f. Were you represented by counsel on appeal?  ☒ Yes.  ☐ No.  If yes, state the attorney's name and address, if known:
Paul Carroll, 5 Manor Place, Menlo Park, CA. 94025.

9. Did you seek review in the California Supreme Court?  ☐ Yes.  ☒ No.   If yes, give the following information:

a. Result: _____    b. Date of decision: _____

c. Case number or citation of opinion, if known: _____

d. Issues raised: (1) _____

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal: The recent decision in People v. Lewis(2004),was clarified the law regarding a misinterpreted penal statute. This clarification of law as sired errors of constitutional magnitude upon petitioner's conviction that would not have been discovered through due diligence during the time his conviction was open to challenge.

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

_____

_____

_____

_____

_____

_____

_____

_____

_____

b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.
*Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: Superior Court of California, County of Santa Clara.

    (2) Nature of proceeding (for example, "habeas corpus petition"): Habeas Corpus Petition.

    (3) Issues raised: (a) Trial Court's Misinterpretation of law, Violated Due Process.

    (b) _____

    (4) Result (Attach order or explain why unavailable): Order Attached, Exhibit E. (denial).

    (5) Date of decision: June 3, 05

  b. (1) Name of court: The Court of Appeal of the State of California, Sixth Appellate District.

    (2) Nature of proceeding: Habeas Corpus Petition.

    (3) Issues raised: (a) Trial Court's Misinterpretation of law, Due Process violation.

    (b) _____

    (4) Result (Attach order or explain why unavailable): Order Attached, Exhibit E. (denial).

    (5) Date of decision: July 28, 05.

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) This claim is based on the recent decision in People v. Lewis (2004) where the law was clarified; revealing the fact Petitioner was convicted under a misinterpreted penal statute. This error of the court would not have been discovered through Due diligence during the time Petitioner's conviction was open to challenge.

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 9-6-05      ▶ *Michael J. Woodrick*
                                  (SIGNATURE OF PETITIONER)

## PROOF OF SERVICE BY MAIL

(C.C.P. §§1013A, 2015.5)

STATE OF CALIFORNIA )
                     ) SS.
COUNTY OF MONTEREY )

I, _Michael J. Woodcock_____, am a resident of the State of California,

County of Monterey. I am over the age of 18 years and I am/am not a party to the within action.

My business/residence address is P.O. Box 689, Soledad, California, 93960-0689.

On _September 6th_____, 20_05_, I served the foregoing:

_Petition For Writ of Habeas Corpus._____

on the parties listed below by placing a true copy thereof enclosed in a sealed envelope with postage

fully prepaid in the United States mail at Soledad, California, addressed as follows:

Attorney General
455 Golden Gate Ave. #11000
San Francisco, California
94102-3664

There is regular delivery service by the U.S. Postal Service between the place of mailing

and the places so addressed.

I declare under the penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Executed this _Tues._ day of _September 6th_____, 20_05_, at

Soledad, California.

/S/ _Michael Woodcock_____

# Topical Index

Introduction .......................................... 1

Parties .............................................. 2

Statement of Facts ................................... 2

Prayer for Relief .................................... 5

## Memorandum of Points and Authorities

1.          Argument ................................. 6

A.

Trial Court's misinterpretation of Pen.
Code Sections 1203.(e)(3) and 12022.7(A)
violated Petitioner's constitutional
right to Due Process of the law. ........... 6

B. ..................................................... 11

Superior Court's summary denial
did not properly address the issues
raised by Petitioner. ...................... 11

C.

Trial court's error was not harmless
beyond a reasonable doubt. ................. 11

Conclusion ........................................... 12

CASES:

People v. Carter (1998) 60 Cal. App. 4th 752.

People v. Lewis (2004) 120 Cal. App. 4th 837.

People v. Verlinde (2002) 100 Cal. App. 4th 1146.

Brady v. Maryland (1963) 373 U.S. 83.

Morissette v. United States Gypsum Co. (1952) 342 U.S. 246

Sandstrom v. Montana (1979) 442 U.S. 510.

1 | Cont'd CASES:
2 | In RE Winship (1970) 397 U.S. 358.
3 |
4 | Attached-Exhibits:
5 | A. The information
6 | B. The Charges - definitions And elements.
7 | C. Juror note.
8 | D. Verdict form And Abstract of Judgment.
9 | E. Superior Court And Court of Appeal denials.
10 | F. Exerpt of record.
11 | G. Medical report.

1  Michael J. Woodcock
2  C.D.C. no. H-27629
3  Correctional Training Facility
   P.O. Box 689 D-112 UP
4  Soledad, CA. 93960-0639
5  In Pro Per.

6

7          In The Supreme Court of The
8          State of California.

9                                      Case no. H029069
10 In re.                      | Petition for writ of
                               | Habeas Corpus And
11     Michael J. Woodcock,    | Memorandum of Points
                               | And Authorities in Support
12 on Habeas Corpus.           | thereof.
                               |
13 _____    |

14

15              1.

16         Introduction

17     1. The question presented before the California
18 Supreme Court is whether Petitioner's Constitutional
19 Right to Due Process of the law was violated when
20 trial court's misinterpretational instruction on law
21 invaded the factfinding function of the jury.

22         Trial court instructed the jury: "the question
23 under penal code section 1203.(e)(3) is the same as
24 it is under penal code section 12022. (a), And that
25 both sections are "legally synonymous".(see exhibit C.
26 Juror note.)

27         Prior to the recent decision in People v.
28 Lewis, (2004) 120 Cal. App. 4th 837, most judges, Prosecutors

                        1.

1  And Attorney's had assumed this to be the Law. However
2  it was concluded by the Appellate Courts decision in
3  <u>People v. Lewis (2004)</u>, that penal code sections 1203.(e)
4  (3) And 12022.7(A) each require different findings of
5  fact, and therefore can not be considered "legally synon-
6  ymous as a matter of law."

7       This clarification of law has shed errors of
8  constitutional dimensions upon Petitioner's conviction
9  that could not have been discovered through due diligen-
10  ce during the time his conviction was open to challenge.

11

12                        II.
13                     Parties
14      2. Petitioner, Michael J. Woodcock is a Prisoner
15  of the state of California, and currently confined in
16  the Correctional Training Facility (CTF) Soledad Prison.
17      3. Respondent, A. P. Kane is warden of the Cor-
18  rectional Training Facility, and as such has legal cust-
19  ody of Petitioner.
20      4. Respondent, Jeanne Woodford is director of
21  the California Department of Corrections. She is
22  legally responsible for the lawful operations of all
23  prisons in the state of California, including that of
24  The Correctional Training Facility.

25                        III.
26              Statement of Facts
27      5. On September 18, 1997, Petitioner had an
28  dispute with Rory Hazel, over illegal use of power

1  utilities (PG&E) at a trailer park residence where Petitioner
2  had previously resided with his girlfriend Trina Adams.
3     6. After being informed that he was still being Bill-
4  ed by (PG&E) for ongoing power use at the old residence
5  Petitioner returned to the trailer park to find the cause for
6  the power being consumed. [1] Upon arrival, Petitioner
7  had found that someone had illegally taken-up residence
8  within the trailer home in question. There were various
9  lines and cables trailing from a broken junction box
10 (used by the power utilities company) that ran directly
11 into the trailer.
12    7. While Petitioner stood examining the "jerry -
13 rigged" lines, Rory Hazel exited the trailer, confronting
14 Petitioner asking "what are you doing here? Petitioner
15 explained to Hazel that he had previously resided at the
16 trailer but since moving to his new apartment, he is
17 still receiving bills in connection with the trailer. Hazel
18 responded by informing Petitioner, "the trailer now be-
19 longed to he and his family, and whatever problem Petit-
20 ioner had been having with (PG&E) was no concern of
21 his". When Petitioner informed Hazel "the utilities Com-
22 pany would be out to cut the power off", Hazel got up-
23 set and an argument ensued. Hazel began using profanity
24 while poking his finger in Petitioner's face and chest. Pet-
25 itioner slapped Hazel's hand away, and the two began
26 fighting. The altercation ended when Hazel was knocked
27 to the ground. Petitioner had then returned to his home.
28 [1] Petitioner and all residence of the trailer park were given notice
   to vacate the park to make room for new housing development. Pet-
   itioner returned to the park and found the homeless residing in trailers.

8. Approximately 20 Minutes following the incident with Hazel, police investigators arrived and confronted Petitioner at his apartment. Upon questioning Petitioner denied all knowledge of having an altercation with Hazel. After the investigators were made aware of Petitioner's status on state parole, the parole office was contacted but declined to order Petitioner arrested. The investigators then, instructed Petitioner to stay away from Hazel, and that a misdemeanor Battery complaint would be filed against Petitioner, in which the District Attorney had up to one year to charge him with.

9. On November 7, 1997, nearly two months after the altercation with Hazel, Petitioner was arrested and charged with aggravated assault, P.C. 245(a)(1). The information also alleged Petitioner had inflicted great bodily injury within the meaning of sections 12022.7(a) and 1203.(e)(3). (See exhibit A). Initially Mr. Hazel could not be contacted for trial, However he was later found in a Kern County jail on unrelated drug charges. Hazel had only testified because he was subpoenaed to do so.

10. On September 29, 1998, the case was given to the jury. (See exhibit B. Jury instructions.). On that same day, the court received a note from the jury requesting a copy of Penal Code Section 1203.(e)(3). (See exhibit C.) Instead of providing the request, the court responded " The question under penal code section

4.

1   1203.(e)(3) is the same as it is under penal code section
2   12022.7(A), in other words they are "legally synonymous"
3   (See exhibit C.)
4        11. On September 30, 1998, the jury found Petitio-
5   ner guilty of assault by means of force likely to pro-
6   duce great bodily injury, p.c. 245(A)(1). The jury also
7   found the allegation true that Petitioner inflicted great
8   bodily injury within the meaning of sections 12022.7
9   (A) and 1203.(e)(3). On February 4, 1999, the court sent-
10  enced Petitioner under California's three strike Law
11  to a term of 25 years to life, plus a 3 year enhan-
12  cement for the special finding. (See exhibits D.)
13
14             <u>Prayer for Relief</u>
15       Petitioner is without remedy save for Habeas
16  Corpus. Wherefore, Petitioner prays that the court:
17       1. Issue a writ of Habeas Corpus;
18       2. Issue an order to show cause;
19       3. Reverse trial court's judgement;
20       4. Appoint legal counsel;
21       5. Grant any and all further relief that the
22  court may deem just and proper.
23
24                           Respectfully Submitted,
25  Dated: 9-6-05            <u>Michael Woodcock</u>
26                           Michael T. Woodcock
27                           In Pro Per.
28

                        5.

# Memorandum of Points And Authorities

1.                    Argument
                         A.

The trial Court's Misinterpretation of penal code sections 1203.(e)(3) And 12022.7(A) Violated Petitioner's Sixth Amendment Right's to Due Process of the law.

The instruction to the jury that penal code Section 1203.(e)(3) being (legally synonymous) with Section 12022.7(A) was a legal determination made by the court. However, Recent case law has concluded that both penal code sections each require a different finding of fact, and therefore, are not (legally synonymous), "As a matter of law: See People v. Lewis (2004) 120 CAL. App. 4th 837.)

In Lewis (2004), the defendant was charged And convicted by jury for assaulting a child with force likely to produce great bodily injury resulting in death, within the meaning of penal code Section 273(ab). At Sentencing, the court concluded that Lewis was presumptively ineligible for probation because of inflicting great bodily injury within the meaning of Section 1203.(e)(3), he was then sentenced to prison. (Lewis at p. 837.)

Lewis Appealed his sentence, contending (Among other things), that trial court misinterpreted penal code

1  Section 1203.(e)(3) by presumptively denying him
2  probation. Lewis claimed a defendant would be den-
3  ied probation under Section 1203.(e)(3), "only if the
4  trier of fact finds that he (intentionally) inflicted great
5  bodily injury during the perpetration of the crime."
6  (Lewis at p. 852.) And in the case of Lewis at (p. 852-
7  854.), there was no such finding that he had "intention-
8  ally" inflicted great bodily injury.

9        Lewis supported his contention by comparing
10  this interpretation of Section 1203.(e)(3) with that of the
11  language of Section 12022.7(a). (which are the same two pen-
12  al statutes of which Petitioner was convicted under and are the sub-
13  ject of this petition). Lewis explained how each of the two
14  sections asks a different finding by the trier of fact. (Le-
15  wis at p. 853.)

16        Section 12022.7(a) enhances a defendants sent-
17  ence but requires a finding that he "personally inflicted
18  great bodily injury". This section has been interpreted to
19  require only a general criminal intent, i.e., the defendant
20  need not intend great bodily injury. (Lewis at p. 863, citing
21  People v. Veelinde (2002) 100 Cal. App. 4th 1146, [123 Cal. Rptr.
22  2d 322]; People v. Carter (1998) 60 Cal. App. 4th 752, 765-766
23  [70 Cal. Rptr. 2d 569].)

24        Section 1203.(e)(3) presumptively denies a def-
25  endant probation if he or she "willfully inflicted great
26  bodily injury or torture in the perpetration of the crime."
27  (Lewis at p. 852.) It was Lewis's claim that the inclu-
28  sion of the word "willfully" in Section 1203.(e)(3), suggests

7.

1  that it was the intent of the Legislature that this penal
2  code section be applicable to a defendant "not merely
3  because great bodily injury had resulted during the comm-
4  ission of the crime, but rather, when the defendant "int-
5  entionally inflicted it" while in the perpetration of the
6  crime. (Lewis at p. 853.)
7       Accepting Lewis's contention, the court of
8  Appeal recognized an unclarity in the law, and determin-
9  ed that section 1203 (e)(3) includes within it's language
10  the "element of intent" by it's definition of great bodily
11  injury. (Lewis at p. 854.) The court held "Lewis would
12  be denied probation, only if trial court finds that
13  he (intentionally) inflicted great bodily injury". Trial
14  court's decision to deny Lewis probation was rever-
15  sed, he was then remanded for resentencing consid-
16  erations.
17       Petitioner contends that the interpertation of
18  section 1203. (e)(3) as defined by the court of Appeal in
19  Lewis(2004), was contrary to what trial court had
20  instructed Petitioner's jury in the instant case. (Comp-
21  Are Lewis(2004) with exhibit C. Turre note.) Lewis
22  suggests trial court's instruction that pen. code sections
23  1203 (e)(3) and 12022.7(a) being "legally synonymous",
24  was an incorrect interpretation of the law. (Lewis at
25  p. 853 both sections Are defined.) More significantly,
26  Petitioner's Constitutional Right to Due Process of the
27  law was violated where trial court's instruction had
28  the effect of relieving the state of it's burden of

8.

1  having to prove that Petitioner "intentionally inflicted
2  great bodily injury As proscribed within the meaning
3  of Section 1203.(e)(3)". (People v. Lewis (2004) 120 CAl. App
4  4th 837.)

5      Penal code Section 1203.(e)(3) was just As
6  much a part of the allegation against Petitioner
7  As was Section 12022.7(a). As explained In Winship
8  (1970) 397 U.S. 358, this Court Stated: "Lest there
9  remain any doubt About the Constitutional statues of
10 the reasonable doubt standard, we explicitly hold that
11 the Due Process Clause protects the accused against
12 conviction except upon proof beyond a reasonable doubt
13 (of every fact) necessary to constitute the crime with
14 which he is charged". Id., At 364, 25 L Ed 2d 368, 90
15 S. Ct 1068.

16     The Court of Appeal Agreed with Lewis (2004)
17 that the "intent" of the defendant was indeed An "esse-
18 ntial element" of the criminal conduct being proscri-
19 bed within the meaning of Section 1203.(e)(3). (Lewis
20 At p. 864.) In Morissette v. United States (1952) 342
21 U.S. 246, 96 L.Ed. 288, 72 S. ct. 240, the Supreme
22 Court held" where (intent) of the accused is An "ingr-
23 edient" of the crime charged, it's existence is ... A
24 jury issue"; And that trial court's May not withdraw
25 or prejudge the issue by instruction that raises a
26 presumption of "intent" from An Act.

27     In the instant case, trial court created An
28 impermissible presumption of "the facts" surrounding

1  the allegation of Petitioner violating the law within the
2  meaning of penal code sections 1203.(e)(3) and 12022.7(a).
3      Where the Court did not provide an interpret-
4  ation for section 1203.(e)(3) on it's own motion, the jury
5  in this case felt it was necessary to consider "all of
6  the accusations" against Petitioner, therefore, they re-
7  quested that the Court provide them with a copy of penal
8  Code section 1203.(e)(3). (See exhibit C. juror note.)
9      Trial court's instruction that (" their question
10  under penal code section 1203.(e)(3) is the same as it is
11  under penal code 12022.7(a)") left the jury with an con-
12  clusive presumption that a finding under section 12022.-
13  7(a)'s interpretation of great bodily injury, would mean
14  that it can be assumed a finding under section 1203.(e)(3)
15  also.
16      Trial court's instruction was unconstitutional
17  where an presumption of the facts violates the United
18  States Supreme Court's holding in the case of Sandstrom
19  v. Montana (1979) 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450,
20  "where a jury interprets a judge's instruction as either
21  being a burden-shifting presumption or a conclusive
22  presumption, it would violate a defendant's constitut-
23  ional right to due process of the law" (Id., at 524, 61
24  L. Ed 2d 39, 99 S. Ct. 2450.) And in the instant case, trial
25  court's instruction had the effect of both impermissible
26  presumptions which denied Petitioner his Federal cons-
27  titutional right that the state prove him guilty beyond a
28  reasonable doubt, as required within Due Process of law.

B. Superior Court's Summary denial
did not properly consider the issues
raised by Petitioner.

Superior Court denied Petition without addressing the claims presented before them. (See exhibits - E. Superior and Court of Appeal denials.)

Superior Court opinioned that Petitioner was not prejudiced by trial Court's error, this was erroneous. Although Petitioner concedes that he was statutorily ineligible for probation, it was never a factor to be considered by the Court, i.e., "A 3 strikes case". However, the issue that was presented to Superior Court was not a question of Petitioner's probation eligibility, but rather his right to due process of the law being violated and resulting in his conviction.

C. Trial Court's instructional error
was not harmless beyond a
reasonable doubt.

Trial Court's error was not harmless beyond a reasonable doubt. With the correct interpretation for penal code 1203.(ev3), (how it differs from section 12022.7(a)) it is reasonably likely a result more favorable to Petitioner would have resulted. Examination of the record reveals there is nothing to suggest Petitioner "intentionally" inflicted great bodily injury during his altercation with Mr. Hazel. Not even the fact that the Prosecutor in this case falsely accused Petitioner of "breaking Mr. Hazel's jaw".

11.

1  (Compare exhibit F. Vol IV CT. 307 Ln. 11-15, to exhibit G.
2  Medical report.) As the record cleary shows a deliberate
3  deception of trial and jury, when the Prosecutor acc-
4  used Petitioner of inflicting injuries that were not med-
5  ically proven to be true. However, the Prosecutor was
6  adamant about deceiving the jury where he stated:
7  "Hazel's broken jaw as being a concrete fact." (CT. 307 Ln.
8  13, 14.)

9          This type of misconduct by the Prosecutor
10 was unconstitutional where it violated the United
11 States Supreme Court's holding in Brady v. Maryland
12 (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194, this
13 Court held that a Prosecutor violates Due Process:
14 " when a state has contrived a conviction through
15 the pretense of a trial which in truth is but used
16 as a means of depriving a defendant of liberty, the-
17 ough a deliberate deception of court and jury." (Id. at
18 p. 83, 86, citing Mooney v. Holohan 294 U.S. 103, 112.)
19 In the instant case, the Prosecutor knew that the
20 Medical report showed reasonable doubt of the
21 Severity of Hazel's injuries, and without the decept-
22 ion at trial, a result more favorable to Petitioner
23 would have likely resulted.

25          Conclusion
26         Lewis (2004), is certainly applicable to the
27 present case. It clarified the law regarding penal
28 Code sections 1203.(e)(3) and 12022.7(a). Here, as in

12.

1  Lewis, the trial court misinterpreted the Legislative dist-
2  inction between these two statutes, and what they
3  required of the trier of fact.
4        Therefore, because of the misinterpretation
5  of the law, trial court's instruction creating an imp-
6  ermissible presumption on a question of fact, combine
7  all this with Prosecutorial misconduct, you will find
8  that Petitioner is actually innocent of the allegation
9  of inflicting great bodily injury.
10       The fundamental unfairness of the Process
11 to which Petitioner was subjected to at trial, his
12 Conviction stands on Constitutionally infirm grounds
13 And must be reversed. For these reasons as stated,
14 Petitioner prays that the court will grant a writ
15 of Habeas Corpus.
16
17                          Respectfully Submitted,
18 Dated: 9-6-05            _Michael J. Woodcock_
19                          Michael J. Woodcock
20                          In Pro Per.
21
22
23
24
25
26
27
28

# EXHIBIT "A"

NO. _____

(The Information)

The Information in this case charges that the defendant, MICHAEL JEROME WOODCOCK

committed the following felonies, to wit:

COUNT ONE

That in the County of Santa Clara, State of California, on or about September 18, 1997, the

said defendant, MICHAEL JEROME WOODCOCK, ,. committed a felony, to wit:  a violation of

CALIFORNIA PENAL CODE SECTION 245(A)(1) (ASSAULT BY MEANS OF FORCE

LIKELY TO PRODUCE GBI) in that the said defendant did commit an assault upon the person of

RORY HAZEL,  by means of force likely to produce great bodily injury.

It is further alleged that in the commission and attempted commission of the foregoing

offense, the said defendant, MICHAEL JEROME WOODCOCK, , personally inflicted great bodily

injury upon a person not an accomplice, to wit:  RORY HAZEL, within the meaning of Sections

12022.7(a) and 1203(e)(3) of the Penal Code.

_____
Judge

**135**

# EXHIBIT "B"

**PART IV – The Charges – Definitions and Elements**

CALJIC 3.30
CONCURRENCE OF ACT AND GENERAL
CRIMINAL INTENT

3.30

In the crime and allegation charged in Count 1, and the crime of assault which is a lesser crime, there must exist a union or joint operation of act or conduct and general criminal intent. General intent does not require an intent to violate the law. When a person intentionally does that which the law declares to be a crime, he is acting with general criminal intent, even though he may not know that his act or conduct is unlawful.

CALJIC 9.00
ASSAULT – DEFINED
(Pen. Code, §240)

9.00

Every person who commits an assault upon another person is guilty of a violation of Penal Code section 240, a crime.

In order to prove an assault, each of the following elements must be proved:

1. A person willfully and unlawfully committed an act which by its nature would probably and directly result in the application of physical force on another person; and

2. At the time the act was committed, the person had the present ability to apply physical force to the person of another.

"Willfully" means that the person committing the act did so intentionally.

To constitute an assault, it is not necessary that any actual injury be inflicted. However, if an injury is inflicted it may be considered in connection with other evidence in determining whether an assault was committed and, if so, the nature of the assault.

**136**

CALJIC 9.02
ASSAULT WITH BY
MEANS OF FORCE LIKELY TO PRODUCE
GREAT BODILY INJURY
(Pen. Code, § 245, subd. (a)(1), (2))

9.02

Defendant is accused in Count 1 of having violated section 245, subdivision (a)(1) of the Penal Code, a crime.

Every person who commits an assault upon the person of another by means of force likely to produce great bodily injury is guilty of a violation of section 245, subdivision (a)(1) of the. Penal Code, a crime.

Great bodily injury refers to significant or substantial bodily injury or damage; it does not refer to trivial or insignificant injury or moderate harm.

In order to prove this crime, each of the following elements must be proved:

1. A person was assaulted; and

2. The assault was committed by means of force likely to produce great bodily injury.

GREAT BODILY INJURY – FURTHER EXPLAINED

9.02A

Great bodily injury does not require that the victim suffer permanent, prolonged, or protracted disfigurement, impairment, or loss of bodily functions. Evidence of multiple abrasions and lacerations, swelling, and bruising may or may not constitute great bodily injury, depending on their severity and the facts of the case.

CALJIC 17.20
INFLICTION OF GREAT BODILY HARM
(Pen. Code, 12022.7(a))

17.20

It is alleged that in the commission or attempted commission of the crime therein described the defendant personally inflicted great bodily injury on a person not an accomplice to the crime.

*People v. Woodcock*, # 202097
Final Instructions
Page 12 of 17

13⁊

If you find a defendant guilty of Assault with Force Likely to do Great Bodily Injury as charged in Count 1, you must determine whether that defendant personally inflicted great bodily injury on some person not an accomplice to the crime in the commission or attempted commission of the crime charged in Count 1.

"Great bodily injury," as used in this instruction, means a significant or substantial physical injury. Minor, trivial or moderate injuries do not constitute great bodily injury.

The People have the burden of proving the truth of this allegation. If you have a reasonable doubt that it is true, you must find it to be not true.

Include a special finding on that question in your verdict, using a form that will be supplied for that purpose.

CALJIC 9.08
ASSAULT WITH HANDS OR FISTS

9.08

An assault by means of force likely to produce great bodily injury may be committed with the hands or fists. Proof of such an assault need not show that the defendant actually injured the other person. However, there must be proof that the manner of the assault was likely to produce great bodily injury upon another person.

CALJIC 9.11
INSULTING WORDS – NOT JUSTIFICATION
FOR ASSAULT

9.11

No oral words of abuse, insult or reproach addressed to or said about a person, however insulting or objectionable the words may be, if unaccompanied by any threat or apparent threat of great bodily injury, or any assault upon the person will justify an assault by any means of force likely to produce great bodily injury. The provocation of words alone does not constitute a defense to a charge of having committed such an assault.

*People v. Woodcock,* # 202097
Final Instructions
Page 13 of 17

**138** *ā*

CALJIC 17.10
CONVICTION OF LESSER INCLUDED
OR LESSER RELATED OFFENSE — IMPLIED
ACQUITTAL-FIRST

17.10

If you are not satisfied beyond a reasonable doubt that the defendant is guilty of the crime charged, you may nevertheless convict him of any lesser crime, if you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime.

The crime of Assault is lesser to that of Assault By Means of Force Likely to Do Great Bodily Injury charged in Count 1.

Thus, you are to determine whether the defendant is guilty or not guilty of the crime charged  or of any lesser crime.  In doing so, you have discretion to choose the order in which you evaluate each crime and consider the evidence pertaining to it.  You may find it productive to consider and reach a tentative conclusion on all charges and lesser crimes before reaching any final verdict.  However, the court cannot accept a guilty verdict on a lesser crime unless you have unanimously found the defendant not guilty of the charged crime.


## Part V — Concluding Instructions


CALJIC 17.30
JURY NOT TO TAKE CUE FROM THE JUDGE

17.30

I have not intended by anything I have said or done, or by any questions that I may have asked, or by any ruling I may have made, to intimate or suggest what you should find to be the facts, or that I believe or disbelieve any witness.

If anything I have done or said has seemed to so indicate, you will disregard it and form your own conclusion.

**13**9    

# EXHIBIT "C"

Received by:                                                          Jury Note # _1_
Date:
Time:

### IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
### IN AND FOR THE COUNTY OF SANTA CLARA

THE PEOPLE OF THE STATE OF CALIFORNIA
                                        Plaintiff,

    vs                                          No. _202097_

    *MICHEEL JEROME WOODCOCK*

                                        Defendant,

We, the jury in the above-entitled cause, request the following:

Copy of Penal Code Section 1203(e)(3)

The question under 1203(e)(3) is the same as it
is under 1203.7 of the Penal Code.
In other words, they are legally synonymous

                                        - J. Lee

Date: 9/29

#1

123A

Ⓒ 9564

# EXHIBIT "D"

1    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
     IN AND FOR THE COUNTY OF SANTA CLARA
2
THE PEOPLE OF THE STATE          )
3  OF CALIFORNIA,                 )
                                  ) Information No. 202097
4            Plaintiff,           )
   vs.                            ) VERDICT OF THE JURY
5                                 )
   MICHAEL JEROME WOODCOCK,       )
6                                 )
             Defendant.           )
7  _____)

8                        COUNT ONE

9        WE, the Jury, in the above-entitled case, find the Defendant,

10  MICHAEL JEROME WOODCOCK, ___*Guilty*_____ of a Felony, to wit:
                              (Guilty/Not Guilty)
11

12  (ASSAULT BY MEANS OF FORCE LIKELY TO PRODUCE GREAT BODILY INJURY), in

13  violation of Penal Code Section 245(A)(1), as charged in Count One of

14  the Information.

15       WE, the Jury, find the allegation that in the commission and

16  attempted commission of the foregoing offense, the said defendant,

17  MICHAEL JEROME WOODCOCK, personally inflicted great bodily injury upon

18  a person not an accomplice, to wit:  RORY HAZEL, within the meaning of

19  Sections 12022.7(a) and 1203(e)(3) of the Penal Code to be

20  ___*True*_____.
      (True/Not True)
21
                        LESSER INCLUDED OFFENSE
22
         WE, the Jury, in the above-entitled case, find the Defendant,
23
    MICHAEL JEROME WOODCOCK, _____ of a Misdemeanor, to
24                              (Guilty/Not Guilty)

25  wit: (ASSAULT), in violation of Penal Code Section 240, as charged in

26  Count One of the Information.

27  DATED: September _30_, 1998               _#1_____
                                              FOREPERSON
28

*copy attached to M.O.*                          **121**

CR-292

**ABSTRACT OF JUDGMENT—PRISON COMMITMENT—INDETERMINATE**
[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED]

| [X] SUPERIOR   COURT OF CALIFORNIA, COUNTY OF: | SANTA CLARA | | |
|---|---|---|---|
| ☐ MUNICIPAL   BRANCH OR JUDICIAL DISTRICT: | HALL OF JUSTICE | | |

| PEOPLE OF THE STATE OF CALIFORNIA vs | DOB: 1/13/66 | | -A |
|---|---|---|---|
| DEFENDANT. MICHAEL JEROME WOODCOCK | | 202097 | |
| AKA: | | | -B |
| CII#: | | | -C |
| BOOKING #: 97537826 | ☐ NOT PRESENT | | |
| COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT | ☐ AMENDED ABSTRACT | | -D |

| DATE OF HEARING | DEPT. NO. | JUDGE |
|---|---|---|
| 02  04  99 | 90 | EDWARD F. LEE |

| CLERK | REPORTER | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|
| C.JOHNSON | B.PASTORINO | J.HAMILTON |

| COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | |
|---|---|---|
| J.LUFT | D.LEE-ADO | [X] APPTD |

1. Defendant was convicted of the commission of the following felonies:
   [X] Additional counts are listed on attachment
   ___1___ (number of pages attached)

| CNT | CODE | SECTION NO | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | CONVICTED BY | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | JURY | COURT | PLEA | CONCURRENT | CONSECUTIVE | 654 STAY |
| 01 | PC | 245A(1) | ASSAULT BY MEANS OF FORCE LIKELY TO —PRODUCE GREAT BODILY INJURY | 97 | 09/30/98 | x | | | | T | |
| | | | | | / / | | | | | | |
| | | | | | / / | | | | | | |
| | | | | | / / | | | | | | |
| | | | | | / / | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022. series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| CNT. | ENHANCEMENT | YRS | ENHANCEMENT | YRS | ENHANCEMENT | YRS | ENHANCEMENT | YRS | TOTAL | |
|---|---|---|---|---|---|---|---|---|---|---|
| 01 | 12022.7A | 3y | | | | | | | 3 | 0 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| ENHANCEMENT | YRS | ENHANCEMENT | YRS | ENHANCEMENT | YRS | ENHANCEMENT | YRS | TOTAL |
|---|---|---|---|---|---|---|---|---|
| PC667(b-i) | * | PC667(b-i) | * | PC667(b-i) | * | | | |
| PC667(a) | S | PC667(a) | S | | | | | |
| PC667.5(b) | S | PC667.5(b) | S | | | | | |

Defendant was sentenced to State Prison for an INDETERMINATE TERM:

4. ☐ For LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts _____
5. ☐ For LIFE WITH POSSIBILITY OF PAROLE on counts _____
6. [X] For __25__ years to life, WITH POSSIBILITY OF PAROLE on counts 1
   PLUS  enhancement time shown above.
7. [X] Additional determinate term (see CR-290).   3yrs
8. Defendant was sentenced pursuant to [X] PC 667(b)-(i) or PC 1170.12  ☐ PC 667.61  ☐ PC 667.7  ☐ PC 667.9
   ☐ other (specify):

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.
(Continued on reverse)

| Form Adopted by the Judicial Council of California CR-292 [Rev  January 1, 1999] | ABSTRACT OF JUDGMENT—PRISON COMMITMENT—INDETERMINATE [NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED] | 212 Penal Code, §§ 1213, 1213.5 |
|---|---|---|

*Exhibit A-1*

# EXHIBIT    "E"

1

2

3

**FILED**

4

JUN 7 2005

5

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara

6

BY _Bu O t_ _____ DEPUTY

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SANTA CLARA

10   In re                        )
                                  )    No.: 202097
11       MICHAEL JEROME WOODCOCK,  )    ORDER
                                  )
12   On Habeas Corpus             )
                                  )
13   _____

14       Petitioner, **MICHAEL JEROME WOODCOCK**, has filed a petition for writ

15   of habeas corpus in which he claims that part of his conviction was

16   invalid due to the recent case of *People v. Lewis* (2004) 120

17   Cal.App.4th 837. Specifically, Petitioner argues that the Court

18   incorrectly instructed the jury regarding the willful element of Penal

19   Code § 1203(e)(3).

20       However, even assuming there was instructional error (compare CT

21   123A with *People v. Lewis* (2004) 120 Cal.App.4th 837, 853), any error

22   could not have prejudiced Petitioner as he was already statutorily

23   ineligible for probation under Penal Code § 667(c)(2) due to his

24   multiple "strike priors."

25       The petition is respectfully DENIED.

26   DATED: June 3, 2005

27                                 _____
                                  GILBERT T. BROWN
28                                 JUDGE OF THE SUPERIOR COURT

cc:  Petitioner
     District Attorney
     Research
     File

| IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>IN AND FOR THE COUNTY OF SANTA CLARA<br><br>Plaintiff:<br>PEOPLE OF THE STATE OF CALIFORNIA<br><br><br><br>Defendant<br>**Michael Jerome Woodcock** | **FILED**<br><br>JUN 7  2005<br><br>KIRI TORRE<br>Chief Executive Officer/Clerk<br>Superior Court of CA, County of Santa Clara<br>BY _____ DEPUTY |
|---|---|
| PROOF OF SERVICE BY MAIL OF:<br>ORDER RE: Writ of Habeas Corpus | CASE NUMBER:<br>202097 |

CLERK'S CERTIFICATE OF MAILING: I certify that I am not a party to this case and that a true copy of this document was mailed first class postage fully prepaid in a sealed envelope addressed as shown below and the document was mailed at SAN JOSE, CALIFORNIA 6-07-05. I declare under penalty of perjury that the foregoing is true and correct.

KIRI TORRE, Chief Executive Officer        By _____ Clerk
                                              Barbara Thomen

Michael Woodcock  H-27629  D-229u
Correctional Training Facility
P.O. Box 689
Soledad, CA  93960-0689


Research Attorney/Criminal Division
* Placed in Research Attorney's  mail box at
  Hall of Justice


CJIC
*Placed in CJIC mail box  at Hall of Justice

Office of the District Attorney,   Santa Clara County
70 West Hedding Street, West Wing
San Jose, CA  95110
* Place in District Attorney Pickup Box*



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

In re MICHAEL JEROME WOODCOCK,

on Habeas Corpus.

H029069
(Santa Clara County
Super. Ct. No. 202097)

**FILED**

JUL 2 8 2005

Court of Appeal - Sixth App. Dist.
MICHAEL J. YERLY, Clerk

BY_____
                                    DEPUTY

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Bamattre-Manoukian, Acting P.J., McAdams, J., and Duffy, J.,

participated in this decision.)

Dated ___JUL 2 8 2005___     **BAMATTRE - MANOUKIAN, J.**

_____ Acting P.J.

EXHIBIT    "F"

1       IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2           IN AND FOR THE COUNTY OF SANTA CLARA

3         BEFORE THE HONORABLE EDWARD F. LEE, JUDGE

4                  DEPARTMENT NO. 38

5                                          COPY

6   PEOPLE OF THE STATE OF CALIFORNIA, )
                                       )
7                  PLAINTIFFS,         )
                                       )
8            VS.                       )    CASE NO.   202097
                                       )
9   MICHAEL JEROME WOODCOCK,           )
                                       )
10                 DEFENDANT.          )
    _____)

11

12

13

                REPORTER'S TRANSCRIPT OF PROCEEDINGS
14
                        SEPTEMBER 29, 1998
15
                           VOLUME IV
16                      (PAGES 282 - 322)

17

18

19
                    A P P E A R A N C E S
20

21  FOR THE PLAINTIFFS:  JOHN LUFT
                         DEPUTY DISTRICT ATTORNEY
22

23  FOR THE DEFENDANT:   DENISE LEE
                         DEPUTY PUBLIC DEFENDER
24

25

26

27

28  OFFICIAL COURT REPORTER:  SONIA J. BOUGHTON, C.S.R. NO. 8153

1  DAMNING WEAPONS, EVEN MORE SO THAN HANDS.  AND AT THAT

2  POINT, IT DOESN'T SOUND LIKE A FAIR FIGHT BETWEEN 2 FELLOWS

3  JOUSTING, USING MARQUISATE QUEENSBURY RULES AND HONOR AND

4  ALL THAT STUFF.

5      FURTHER, WE DON'T HAVE ANY EXPERT TESTIMONY TO SUGGEST

6  THAT EVEN IF A GOOD PORTION OF THE DAMAGE WAS DONE WITH

7  FISTS, THAT IT WOULD NECESSARILY HAVE LEFT ANY IDENTIFIABLE

8  MARKS ON THE HANDS OF MR. WOODCOCK.

9      THE WHOLE ISSUE, LADIES AND GENTLEMEN, IS LARGELY A RED

10  HERRING.  BECAUSE THE BOTTOM LINE NEVER SHIFTS OR CHANGES.

11  MR. HAZEL WAS FOUND UNCONSCIOUS, BLEEDING PROFUSELY, WITH A

12  FRACTURED JAW AND LACERATION THAT REQUIRED SUTURING.  AND

13  THAT'S A CONCRETE FACT THAT WON'T CHANGE, JUST LIKE THE

14  CONCRETE FACT THAT IT WAS MR. WOODCOCK THAT DELIVERED THOSE

15  INJURIES.

16      AND THEN MS. LEE SUGGESTS TO YOU THAT RORY HAZEL WAS

17  TAKING UTILITIES THAT DID NOT BELONG TO HIM.  AND IN MY

18  OPENING STATEMENT TO YOU, MY OPENING ARGUMENT TO YOU

19  PLAINTIFFS GET, I POINTED TO THAT A LITTLE MYSELF.  BUT IF

20  THAT WERE TRUE, IT IN NO WAY JUSTIFIES THE CONDUCT OF

21  MR. WOODCOCK.

22      I DON'T WANT TO LEAVE YOU WITH THE IMPRESSION, HOWEVER,

23  THAT I AGREE THAT IT WAS TRUE THAT MR. HAZEL WAS TAKING

24  UTILITIES THAT DID NOT BELONG TO HIM.  TO THE CONTRARY.  AS

25  YOU'LL RECALL THE EVIDENCE, IT WAS THAT THE ELECTRICITY

26  COMES TO EVERY UNIT AT THAT TRAILER PARK AS PART OF THE

27  RENT.  THE TRAILER PARK PAYS FOR THAT.

28      SO MR. WOODCOCK, ACTING AS THE LONG ARM OF TRINA ADAMS

# EXHIBIT "G"

AFFIDAVIT OF CUSTODIAN OF MEDICAL RECORDS

TO ACCOMPANY COPIES OF RECORDS AS REQUIRED BY

EVIDENCE CODE SECTION 1561


_Elva B. Chavez_
(Custodian of Medical Records)

says as follows:

(a) That affiant is the duly authorized custodian of the Sunnyvale Medical Clinic, Inc. and has authority to certify said records, and

(b) That the copy of the medical records attached to this Affidavit is a true copy of all the records described in the subpoena duces tecum, and

(c) That the records were prepared by the personnel of the clinic, staff physicians, or persons acting under the control of either, in the ordinary course of Clinic business at or near the time of the act, condition or event.

I declare under penalty of perjury that the foregoing is true and correct.

_Elva B. Chavez_
(Signature of Affiant)


If the Clinic has none of the records described or only a part of the records, the custodian must so state in the Affidavit and deliver the Affidavit and such records as are available in the manner described above.

No. _202097_    Exh # **3**

[✓] Identification    [X] Admitted

PEOPLE vs _Woodcock_

Date _SEP 2 4 1998_    Clerk  C. JOHNSON

EL CAMINO HOSPITAL
SAUNDRA MILLS, MD

**EMERGENCY VISIT HISTORY**

CC:  EMERGENCY DEPARTMENT

DATE:      9/18/97

DATE SEEN:

ADDENDUM:
This is a patient who was seen by Dr. Curtis and had a laceration
sutured.  The physical exam was by ~~Dr. Curtis~~.  The patient was
turned over to me to just review the x-ray and make a deposition.

The patient had facial x-rays and mandible x-rays.  There was a
questionable nondisplaced mandible fracture on the right.  I
reexamined the patient and his main pain in the mandible was on the
left.  He did not have any malocclusion.  There was no bruising
inside the mouth.  So, it is questionable if this is a fracture.  I
did inform him that the x-ray will be read by the radiologist
tomorrow morning and we would contact him if this truly was a
fracture.  He was also given a number that he could call and check
on that.

In the meantime, he was advised to use ice packs and have soft foods
and liquids only.  He was given an ENT follow-up referral sheet for
follow-up.

DIAGNOSIS:
1.  Status post assault.
2.  Acute right cheek laceration 1.5 cm.
3.  Acute facial contusions.
4.  Subconjunctival hemorrhage, right eye.
5.  Questionable nondisplaced mandible fracture.

CONDITION:
Stable.


SM :TL107 6413                          SAUNDRA MILLS, MD
D: 09/19/97
T: 09/22/97  8:25:58 AM

12/04/97 12:18 PM   2500 GRANT ROAD                        PAGE 002
                    MOUNTAIN VIEW,CA. 94042                (QAF$$P)

========================================
                    M 39  EDIS
           ADM: 09/18/97  M.S: M
   CURTIS,MICHAEL MD
CARE COORDINATOR: UNASSIGNED                  TEST RESULTS SUMMARY
========================================

          REPORT PERIOD: ALL RESULTS IN MIS AS OF 12:18 PM  12/04/97
=====================================================================

RADIOLOGY RESULTS:  FILE #663389
=====================================================================

R261-0251  05:40 PM  09/19/97        RADIOLOGIST: KARRAS,B.G.,M.D. -
   1.01 MANDIBLE, 09/18/1997:

          MANDIBLE, 09/19/97:

     FILMS OF THE MANDIBLE SHOW A FAINT LINEAR RADIOLUCENCY
     EXTENDING FROM ONE OF THE IMPACTED MOLARS. IT IS DIFFICULT TO
     BE CERTAIN WHICH SIDE THIS IS PRESENT ON. IF THIS REPRESENTS A
     FRACTURE IT IS UNDISPLACED. NO OTHER ABNORMALITIES ARE SEEN.
     IT MAY BE OF VALUE TO OBTAIN ADDITIONAL VIEWS OF THE MANDIBLE
     UNDER RADIOLOGIST'S  DIRECTION TO MAKE CERTAIN THERE IS A
     FRACTURE AND TO DETERMINE ON WHICH SIDE IT IS.


R261-0252  05:40 PM  09/19/97        RADIOLOGIST: KARRAS,B.G.,M.D. -
   2.01 ORBITAL STUDY, 09/18/1997:

          ORBITAL STUDY, 09/19/97:

     NO FRACTURES ARE IDENTIFIED IN THE ORBITS. BONY MARGINS
     APPEAR INTACT. ADJACENT MAXILLARY ANTRA APPEAR NORMAL.



ALL CURRENT TEST AND DISCHARGE ORDERS


   THIS PATIENT HAS NO CURRENT MEDICAL ORDERS
                              LAST PAGE

# EXHIBIT 5

1

2

3              **FILED**

4              JUN 7  2005

5              KIRI TORRE
               Chief Executive Officer/Clerk
               Superior Court of CA, County of Santa Clara
6              BY _____ DEPUTY

7

8              SUPERIOR COURT OF CALIFORNIA

9              COUNTY OF SANTA CLARA

10   In re                        )
                                  )    No.: 202097
11      MICHAEL JEROME WOODCOCK,   )    ORDER
                                  )
12   On Habeas Corpus             )
                                  )
13   ────────────────────────────

14        Petitioner, **MICHAEL JEROME WOODCOCK**, has filed a petition for writ

15   of habeas corpus in which he claims that part of his conviction was

16   invalid due to the recent case of *People v. Lewis* (2004) 120

17   Cal.App.4th 837. Specifically, Petitioner argues that the Court

18   incorrectly instructed the jury regarding the willful element of Penal

19   Code § 1203(e)(3).

20        However, even assuming there was instructional error (compare CT

21   123A with *People v. Lewis* (2004) 120 Cal.App.4th 837, 853), any error

22   could not have prejudiced Petitioner as he was already statutorily

23   ineligible for probation under Penal Code § 667(c)(2) due to his

24   multiple "strike priors."

25        The petition is respectfully DENIED.

26   DATED: June 3, 2005

27                            _____
                              GILBERT T. BROWN
                              JUDGE OF THE SUPERIOR COURT

28   cc:  Petitioner
          District Attorney
          Research
          File

| IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF SANTA CLARA | **FILED** |
|---|---|
| _Plaintiff:<br>PEOPLE OF THE STATE OF CALIFORNIA | JUN 7  2005<br><br>KIRI TORRE<br>Chief Executive Officer/Clerk<br>Superior Court of CA, County of Santa Clara<br>BY ~~Barbara th~~ DEPUTY |
| _Defendant<br>**Michael Jerome Woodcock** | |
| PROOF OF SERVICE BY MAIL OF:<br>ORDER RE: Writ of Habeas Corpus | CASE NUMBER:<br>202097 |

CLERK'S CERTIFICATE OF MAILING: I certify that I am not a party to this case and that a true copy of this document was mailed first class postage fully prepaid in a sealed envelope addressed as shown below and the document was mailed at SAN JOSE, CALIFORNIA 6-07-05_ I declare under penalty of perjury that the foregoing is true and correct.

KIRI TORRE, Chief Executive Officer         By _____ Clerk
                                                    Barbara Thomen

Michael Woodcock  H-27629  D-229u
Correctional Training Facility
P.O. Box 689
Soledad, CA  93960-0689


Research Attorney/Criminal Division
* Placed in Research Attorney's  mail box at
   Hall of Justice


CJIC
*Placed in CJIC mail box  at Hall of Justice

Office of the District Attorney,  Santa Clara County
70 West Hedding Street, West Wing
San Jose, CA  95110
* Place in District Attorney Pickup Box*

# EXHIBIT 6

S137247

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

In re MICHAEL J. WOODCOCK on Habeas Corpus

Petition for writ of habeas corpus is DENIED.

SUPREME COURT
FILED

JUN 28 2006

Frederick K. _____ Clerk

DEPUTY

Chief Justice