1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  MICHELE J. SWANSON, State Bar No. 191193
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5703
    Fax:  (415) 703-1234
8   Email:  Michele.Swanson@doj.ca.gov

9  Attorneys for Respondent

10

11                       IN THE UNITED STATES DISTRICT COURT

12                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                                SAN FRANCISCO DIVISION

14

| MICHAEL J. WOODCOCK, | C 07-3043 WHA (PR) |
|---|---|
| Petitioner, | **REPLY TO OPPOSITION TO MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY** |
| v. | |
| BEN CURRY, Warden, | |
| Respondent. | |

20

21         On November 2, 2007, respondent filed a motion to dismiss the petition for writ of

22 habeas corpus as untimely.  On December 31, 2007, petitioner filed an opposition to respondent's

23 motion.  While petitioner admits that his petition was not filed within one year of his conviction

24 becoming final, he argues that the merits of his petition should nonetheless be heard by the Court

25 because he is "actually innocent" of the great bodily injury allegation under Penal Code section

26 1203(e)(3).  Alternatively, petitioner argues that his petition is timely under 28 U.S.C.

27 2244(d)(1), because the statute of limitations did not begin to run until the date a state court

28 decision clarified the law regarding section 1203(e)(3).  The following is our response.

**ARGUMENT**

**I.**

**PETITIONER HAS NOT SATISFIED HIS BURDEN OF PROVING ACTUAL INNOCENCE**

As noted in our motion to dismiss, a jury found petitioner guilty of assault by means of force likely to produce great bodily injury within the meaning of Penal Code section 245(a)(1), and found true allegations that petitioner personally inflicted great bodily injury within the meaning of Penal Code sections 12022.7(a) and 1203(e)(3). Citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995), petitioner contends that the AEDPA's statute of limitations should not apply to him because of he is "actually innocent" of the great bodily injury allegation under Penal Code section 1203(e)(3). Opp. at 2.

The Supreme Court has not decided whether there is an actual innocence exception to the AEDPA's statute of limitations. In *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002), the Ninth Circuit noted without deciding that a sufficient showing of actual innocence might override the statute of limitations. The court held that, if such an exception exists, a petitioner must establish that "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup*, 513 U.S. at 327). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup*, 513 U.S. at 324. Further, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The Ninth Circuit has interpreted *Schlup* to mean that even if the evidence is not newly discovered, it must be newly presented, i.e., evidence that was not introduced to the jury at trial. *Griffin v. Johnson*, 350 F.3d 956, 961-963 (9th Cir. 2003).

Petitioner has not presented any new evidence of his actual innocence. Rather, he merely cites the decision in *People v. Lewis*, 120 Cal. App. 4th 837, 853 (2004), in support of his claim. Opp. at 3. *Lewis* held that "willfulness" is an element of Penal Code section 1203(e)(3), but not of Penal Code section 12022.7(a). *Lewis*, 120 Cal. App. 4th at 853. Petitioner argues that the trial

court's instruction to the jury in his case—that the elements of section 1203(e)(3) were the same as those of section 12022.7(a)—was therefore erroneous. Petitioner contends that if the jury would have been properly instructed as to the willfulness element of section 1203(e)(3), it would have found the allegation not true because the prosecution did not argue that petitioner "willfully" inflicted great bodily injury. Petitioner asserts that he is thus actually innocent of the allegation, and that his failure to comply with the AEDPA's statute of limitations should accordingly be excused.

In order to show actual innocence, however, a petitioner must present new, factual evidence in support of his claim. A new principle of law, legal insufficiency, or the lack of argument by a prosecutor does not meet this definition. Accordingly, assuming arguendo that there is an actual innocence exception to the statute of limitations, petitioner has failed to meet the high standard required to override the statute. The petition should therefore be dismissed for failure to comply with the AEDPA's statute of limitations.

## II.

**PETITIONER HAS FAILED TO ESTABLISH THAT THE STATUTE OF LIMITATIONS SHOULD RUN FROM THE DATE *LEWIS* WAS DECIDED**

Alternatively, petitioner argues that the AEDPA's statute of limitations did not begin to run until the date *Lewis* was decided, making the instant petition timely. Petitioner asserts that *Lewis* addressed a claim "'so novel that its legal basis [was] not reasonably available to counsel.'" Opp. at 5. For this reason, petitioner contends, the legal principle set forth in *Lewis* constitutes the "factual predicate" of his claim within the meaning of 28 U.S.C. § 2244(d)(1)(D).

As we noted in our motion to dismiss, however, the Ninth Circuit has previously rejected an identical argument in *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005). The court noted that "[i]f a change in (or clarification of) state law, by a state court, in a case in which [the petitioner] was not a party, could qualify as a 'factual predicate,' then the term 'factual' would be meaningless." *Id.* at 1088. Thus, under the authority of *Shannon*, petitioner is not entitled to calculate the AEDPA's one-year statute of limitations from the date *Lewis* was decided. The petition should accordingly be dismissed as untimely.

# CONCLUSION

Accordingly, respondent respectfully requests that the petition be dismissed with prejudice.

Dated: January 10, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/s/ Michele J. Swanson
MICHELE J. SWANSON
Deputy Attorney General
Attorneys for Respondent

40203118.wpd
SF2007401656