IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. WOODCOCK,<br><br>       Petitioner,<br><br>  v.<br><br>BEN CURRY, Warden,<br><br>       Respondent. | No. C 07-3043 WHA (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition as barred by the statute of limitations. Petitioner has opposed the motion and respondent has filed a reply. For the reasons set out below, the motion to dismiss is **GRANTED**.

**DISCUSSION**

The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

A jury found petitioner guilty of assault with intent to cause great bodily injury and found true an allegation that he had personally inflicted great bodily injury. Petitioner was sentenced to prison for twenty-eight years to life in February of 1999. Although he filed an appeal, it was dismissed on January 21, 2000, before decision, at his request (Mot. Dismiss, Exh. 1). Petitioner did nothing further to challenge his conviction until he filed a state habeas petition in California superior court on April 12, 2005. He subsequently filed petitions in the court of appeal and the supreme court. All were denied.

As set out above, there are four possible triggering dates for the running of the statute of limitation, the most common being the first, completion of direct review or expiration of the time to seek direct review. If that date is applicable here, the state petitions were filed more than four years after the federal statute of limitations had expired and so did not toll the running of the statute. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

In an effort to avoid the statute of limitations bar petitioner contends (1) that he is "actually innocent," which if he can establish it might be grounds not to apply he statute of limitations to him at all; and (2) that the triggering date for the limitations period should be the date a California case was decided that gave rise to his claim.

Petitioner contends that his petition is not barred because he is "actually innocent." The actual innocence gateway established in *Schlup v. Delo*, 513 U.S. 298 (1995), may be available to a petitioner whose petition is otherwise barred by AEDPA's limitations period. *See Majoy v. Roe*, 296 F.3d 770, 776-77 (9th Cir. 2002) (implying that unavailability of actual innocence gateway would raise serious constitutional concerns and remanding to district court for a determination of whether actual innocence claim was established before deciding whether gateway is available under AEDPA). Petitioner's argument here is that he is "actually

innocent" because the California Supreme Court held in *People v. Lewis*, 120 Cal. App. 4th 837 (2004), that "willfulness" was an element of Penal Code section 1203(e)(3) but not Penal Code section 12022.7, meaning that the trial court's instruction here that the elements of the two offences are the same was erroneous. That is, his claim is that he is "actually innocent" because the trial court gave an incorrect jury instruction. This argument is without merit because the "actual innocence" exception, assuming it exists at all, requires a showing of *factual* innocence, not mere legal error. *Schlup*, 513 U.S. at 321 (petitioner must present colorable claim that he is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error); *Wildman v. Johnson*, 261 F.3d 832, 842-43 (9th Cir. 2001) (petitioner must establish factual innocence). Petitioner has made no showing that he is factually innocent.

Petitioner's second argument is that the triggering date for the statute of limitations should be the date the California Supreme Court decided *Lewis*, on the theory that the decision in that case was the factual basis for his claim. *See* 28 U.S.C. § 2244(d)(1) (one possible triggering date is the date the factual predicate of the claim could have been discovered through the exercise of due diligence). As respondent points out, this contention was squarely rejected by the Ninth Circuit in *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005), where the petitioner made a similar argument that a change in California law constituted the factual predicate trigger for the statute of limitations. *Id.* at 1088. This argument also is without merit.

Because the petition here was grossly untimely if the statute of limitations is calculated as running from the date this conviction became final, and because petitioner is incorrect that he is entitled to the "actual innocence" exception or a different starting date, the motion will be granted.

**CONCLUSION**

Respondent's motion to dismiss (document number 8 on the docket) is **GRANTED**. The petition is **DISMISSED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September __8__, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\WOODCOCK043.DSM-SL.wpd

3